## In the Matter of the Estate of MARY SADOWSKI, Deceased.

Surrogate's Court, Erie County, June 23, 1937.

*William B. Mahoney*, for Mary Mielcarski and Maryan Rzeznik, as executors, etc.

*George M. Raikin*, special guardian for Bill Rodecki, infant legatee.

*Joseph S. Kaszubowski* [*George W. Holt* of counsel], for Joseph Sadowski, surviving husband, and for Joseph Jakubowski and Mary Jakubowski, claimants.

HART, S. Mary Sadowski, late of the city of Lackawanna, died in the city of Lackawanna on the 17th day of March, 1933, leaving a last will and testament, dated October 27, 1932, which was admitted to probate by this court on March 5, 1934, and letters

testamentary issued to Maryan Rzeznik and Mary Mielcarski, the executors therein named; that in and by said last will and testament the decedent made no provision for her husband, Joseph Sadowski, but gave all of the residue of her estate, after the payment of debts and funeral expenses, to the executors, in trust, to sell the real estate to pay and distribute the proceeds amongst various legatees.

It appears that said decedent died possessed of no personal property, except the sum of $399.98, but died seized of certain real property situate in the city of Lackawanna, N. Y., the proceeds of the sale of which constitute the assets being accounted for in this proceeding.

The said husband, Joseph Sadowski, filed a notice of election, which right has been sustained by an order of the Appellate Division of the Fourth Department. (See 246 App. Div. 490.)

It is contended on behalf of such surviving spouse that by virtue of the right given him under such notice of election that he is entitled to take a net one-half of the sale price of said real property, free and clear of all charges for debts or administration expenses of said decedent, this claim being based on the theory that the giving of the property to the executors in trust, to sell and pay and distribute the proceeds, was an equitable conversion of the property as to the estate only, but as to the surviving husband, that it remains real property and that the half interest in such real property, so converted, is first liable for the payment of debts and administration expenses, and a half interest to which he is entitled, by virtue of his right of election, is free and clear from a charge for such debts or administration expenses.

Section 18 of the Decedent Estate Law gives to the surviving spouse a right of election, subject to certain limitations, to take an intestate share of the net estate, after payment of debts and administration expenses, which, in this instance, gives to the surviving spouse the right to take one-half of the net estate of said decedent, real or personal, after payment of debts and administration expenses. To arrive at any other decision would be to deprive all of the legatees named in said will, of any monetary interest or benefit in said estate.

I am, therefore, of the opinion that the accounts of said executors should be passed and judicially settled and allowed as filed and adjusted, and that the said Joseph Sadowski, as such surviving husband, by virtue of his right of election, is entitled to take one-half of the net estate remaining after payment of debts and administration expenses, and is also entitled to the widower's exemption as provided in section 200 of the Surrogate's Court Act.

A decree may enter accordingly.