In the Matter of the Estate of MARGARET W. BEEBE, Deceased.

Surrogate's Court, Albany County, September 15. 1942.

*Wiswall, Walton, Wood & McAffer,* for the executor.

*Davis, Polk, Wardwell, Gardner & Reed [Andrew Y. Rogers* of counsel], for The Seeing Eye, Inc.

*Samuel E. Goldstein,* for Joseph E. Beebe.

ROGAN, S. Margaret W. Beebe died a resident of the county of Albany, leaving a last will and testament dated November 5, 1938, which was admitted to probate by this court and letters testamentary issued to Kenneth S. McAffer, the executor named therein.

By the provisions of paragraph "Second" of her will she disposed of her property in the following manner: " *Second:* All the rest, residue and remainder of my estate, both real and personal, of whatsoever name and wheresoever situate, I give and bequeath as follows: One-half thereof to my brother, Colquhoun Wright, residing at 56 Muir Madkin Road, Mossend, Lanarkshire, Scotland; one fourth thereof to Shriners Hospital for Crippled Children, Springfield, Massachusetts; one-fourth thereof to The Seeing Eye Incorporated, Morristown, New Jersey."

Her net estate amounts to approximately $7,000, subject to commissions, legal services and the expenses of this accounting. The testatrix died leaving no issue or parents surviving, and being survived by her husband, Joseph E. Beebe, who has filed an election to take his intestate share as provided in section 18 of the Decedent Estate Law.

As Colquhoun Wright, the brother of decedent, predeceased her without leaving issue him surviving, it becomes necessary, because of such death and the filing of the notice of election, for the court to determine the persons entitled to the net estate of the decedent.

I hold and determine the net estate of this decedent is distributable one-half to the husband of the testatrix, one-quarter to the Shriners Home for Crippled Children, and one-quarter to The Seeing Eye, Inc.

Colquhoun Wright's legacy lapsed, and the amount so bequeathed to him passed by intestacy, under section 83 of the Decedent Estate Law, to decedent's husband, Joseph E. Beebe. Since under this construction and determination the husband receives one-half of the net estate of decedent, and as he could not receive any more pursuant to the provisions of section 18 of the Decedent Estate

Law, it becomes unnecessary to consider the effect of the right of election. (*Matter of Ensko*, N. Y. L. J. Oct. 3, 1934, p. 1065.) The surviving spouse is entitled, in addition, to the statutory exemption provided by section 200 of the Surrogate's Court Act. (*Matter of Sadowski*, 163 Misc. 331.)

The remaining provisions of testatrix's will may be carried into effect without change. Decreed accordingly.