(123 App. Div. 110.)

### HODGKINS v. HODGKINS et al.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1908.)

1. WILLS — CONSTRUCTION — OPERATION UNDER STATUTE — AFTER-ACQUIRED PROPERTY.

2 Rev. St. (1st Ed.) pt. 2, c. 6, tit. 1, § 5, provides that every will devising in express terms, or by intent, all of testator's real estate, shall be construed to pass all he owned at his death. Testator's will read: "I give * * * to my husband all my real estate * * * of which I am now possessed." She subsequently sold a farm which she then owned and purchased property of which she died seised. *Held*, that the word "now" in the will did not extend its meaning, and under the statute the property subsequently acquired by the testator went to her husband under the will.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1008–1013.]

2. SAME—INTENTION OF TESTATOR.

Under 2 Rev. St. (1st Ed.) pt. 2, c. 6, tit. 1, § 5, providing that a will devising all of testator's property shall speak from testator's death, to prevent the passing of after-acquired property under such will it must appear unmistakably that it was not testator's intention that such property should pass.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1008–1013.]

Appeal from Trial Term, Erie County.

Action by Edith Hodgkins against Herbert J. Hodgkins and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Alfred L. Harrison, for appellant.
Asher B. Emery, for respondent Hodgkins.
E. Corning Townsend, for respondent James.

SPRING, J. The action is partition, and the sole question involved is the construction of the will of Sarah E. Hodgkins, deceased. The testatrix made her will August 29, 1874, and the only disposition of her property by that instrument is contained in the first item, which reads as follows:

"I give and bequeath to my husband, Jacob Hodgkins, all my real estate and personal property of which I am now possessed."

At that time there were living children of the marriage of the donor and donee. The testatrix owned a·farm which she subsequently sold, and thereafter acquired the premises described in the complaint with which she was vested at the time of her death in 1886. The husband died in 1906 and devised the land of which his wife died seised to his son Herbert, subject to a mortgage on the premises in controversy which he had given to the defendant James. The plaintiff is a daughter of another son, now deceased, of the testatrix, and claims that the will of her grandmother speaks as of its date, and consequently that she died intestate as to her real estate, all of which was acquired subsequently to the execution of the will.

Her position is untenable. By the common law the will only passed real property owned by the devisor at the time the will was made, and did not include after-acquired property. A sweeping change was made by our Revised Statutes (2 Rev. St. [1st Ed.] pt. 2, c. 6, tit. 1, § 5), in that it provides:

"Every will that shall be made by a testator in express terms, of all his real estate or in any other terms denoting his intent to devise all his real property shall be construed to pass all the real estate, which he was entitled to pass, at the time of his death."

Full effect has been given to this provision. Byrnes v. Baer et al., 86 N. Y. 210; McNaughton v. McNaughton, 34 N. Y. 201–204. The statute is not an obstinate canon overriding the manifest purpose of the testator, but prevails unless the context of the will denotes that it was his intention to have the devise take effect as of its date, or at some other period than the time of his death. The counsel for the appellant bases his contention that the will speaks as of its date upon the· clause, "of which I am now possessed." There is no residuary clause in the will. The testatrix· evidently intended to dispose of all her property and to her husband. Equality among children is favored in construing the will of a parent, but the rule, if such it may be dignified, does not extend to the disposition of the property by a husband or wife to the other. In any event, the right of a competent testator to dispose of his property as he wishes is always recognized; otherwise, the disposition of property by will might as well be abolished. It is quite the usual phraseology in a will to say "all my real estate," or "all the property of which I am possessed." By grammatical construction these expressions relate only to property which the testator then owned. It was to obviate this construction to prevent intestacy where it was plainly not intended, and to avoid confusion that the statute quoted was enacted. In grammatical effect the word "now" does not add to the expression referred to. "I am possessed" is equivalent to the phrase "I am now possessed"; for both are limited to the present, and both would be so construed, except for the statute, and the clauses of the will must be interpreted in the light of the statute, unless the contrary purpose is obvious. The weight of what little authority there is on the subject favors this construction. Lent v. Lent, 24 Hun, 436; Schuck v. Shook, 24 Abb. N. C. 463, 10 N. Y. Supp. 935; Heck v. Volz et al., 14 N. Y. St. Rep. 409, affirmed, 120 N. Y. 663, 24 N. E. 1104. The authorities relied upon by the counsel for the appellant are not in conflict with the position here taken.

In Quinn. et al. v. Hardenbrook, 54 N. Y. 83, one of the leading cases cited on his brief, the language of the gift to the wife was:

"All the real and personal estate I now possess, or may hereafter ever become heir to either from the estate of George Rappalye * * * or from the estate of my mother * * * with full power as my sole heir and administratrix to receive all and every part of the same, and no other person."

The testator acquired premises by purchase after the execution of the will and the controversy was over that tract of land. It is obvious by the language of this will that the testator intended to limit the property disposed of to such as he possessed at the time the will was published and to whatever he might receive from the two sources expressly stated. The testator definitely limited the after-acquired property, which was to pass to his wife, and, in order to include in the devise the land in controversy, the plain import of the language employed must have been disregarded. A husband or wife is apt to make a will early in their married life disposing of whatever property the one possesses to the other. Changes in property occur, but each rests secure in the belief that the will is ample to include whatever is owned by the one executing it. The language of the will should unmistakably disclose that it was not intended to relate to after-acquired property before that construction should be adopted in the face of the statute.

The judgment should be affirmed.

Judgment affirmed, with costs against the appellant. All concur.