## Williams *v*. Williams, Appellant.

*Wills—After-acquired real estate—Codicils—Devise.*

A testator devised certain real estate which he did not own at the date of making his will, but subsequently acquired title thereto, and later made a codicil to his will, which, although not specifically mentioning the real estate in question, amounted to a republication of the original will, except as altered by the codicil.

Under such circumstances, the land passed to the devisees, as there was nothing in the will to show a contrary intention.

Argued March 4, 1924. Appeal, No. 32, Feb. T., 1924, by defendant, from judgment of C. P. Lackawanna Co., Oct. T., 1923, No. 688, in favor of plaintiff, in case stated between Walter Williams v. Sarah Ann Williams. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Case stated in amicable action of ejectment to determine title to certain real estate, situated in Abington Township, Lackawanna County. Before MAXEY, J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of plaintiff. Defendant appealed.

*Error assigned* was, the judgment of the court.

*C. B. Price,* of *S. B., C. B. & J. H. Price,* for appellant, cited: Quin's Est., 144 Pa. 460; Peterson's Est., 242 Pa. 330; Garrett's App., 15 Pa. 212; Hoke v. Herman, 21 Pa. 301; Swoope's App., 27 Pa. 58; LeFever's Est., 39 Pa. Superior Ct. 189; Gibson's Est., 57 Pa. Superior Ct. 283; McTaggart v. Thompson, 14 Pa. 149; Skerrett v. Burd, 1 Wharton 248; Gensimore's Est., 246 Pa. 216.

*Reese H. Harris,* of *Knapp, O'Malley, Hill & Harris,* for appellee, cited: Sharpe's Est., 16 Phila. 403; Jackson's Est., 179 Pa. 77; Gilmor's Est., 154 Pa. 523; Neff's App., 48 Pa. 501; Dobbins's Est., 221 Pa. 249; De-Haven's Est., 207 Pa. 152; Lee's Est., 16 Pa. Superior Ct. 627; Line's Est., 221 Pa. 374.

OPINION BY KELLER, J., April 21, 1924:

This is not the case of a testator devising real estate in his will and subsequently conveying it away by deed. In that event the conveyance operates as a revocation of the will pro tanto: Balliet's App., 14 Pa. 451. This is just the converse. The testator devised real estate which he did not own at the date of making his will and subsequently acquired title to the land thus devised. He then made a codicil to his will. This, although not specially mentioning the real estate in question, amounted to a republication of the original will except as altered by the codicil: Neff's App., 48 Pa. 501; Dobbins's Est., 221 Pa. 249, 256; and irrespective of the provision in the Act of June 4, 1879, P. L. 88,—carried down into the Wills Act of June 7, 1917, P. L. 403, section 9, that "every will shall be construed with reference to the real and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death

of the testator, unless a contrary intention shall appear by the will,"—passed the land to the devisee under the will: Jack v. Shoenberger, 22 Pa. 416; Williams v. Brice, 201 Pa. 595. The Wills Act of 1917, referred to above, establishes the devise beyond question: 1 Jarman on Wills (5th Am. ed.) 156, note 10; for there is nothing in the will forming part of the case stated, that evidences an intention contrary to the statute. On the other hand, except for the subsequent conveyance to the testator, the will would have passed nothing by the devise.

The judgment is affirmed.