Lusk's Estate.

Argued October 2, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*Gilbert E. Long,* with him *Robert L. Wallace,* for appellant.

*Alvah M. Shumaker*, with him *Leroy K. Donaldson*, *Wylie McCaslin*, *Rufus McKinley* and *Mont L. Ailey*, for appellees.

OPINION BY MR. JUSTICE LINN, November 27, 1939:

This appeal is by the guardian of the minor grandson of Bes L. Lusk, deceased, from a declaratory judgment holding that certain real estate was devised to decedent's widow in fee. Lusk died in 1931, leaving a will dated in 1922, containing the following provision: "Second: My house and lot in which I now reside, situate in the Second Ward, City of New Castle, Lawrence County, Pennsylvania, I give and devise to my wife, Jennie Belle Lusk, absolutely." By the third paragraph, he devised certain real estate to his wife on certain trusts and by the fourth, gave the residue to her, also on certain trusts.

At the time of his death his residence was in the second ward of the city of New Castle, but it was not the same house in which he resided when he executed his will. The petition for the declaratory judgment was based on the fact that the house in which he resided when he made his will was sold before his death, and that the one in which he resided at the time of his death was acquired after the date of the will. The question is: What does the will mean? What did testator intend by the devise to his wife of "My house and lot in which I now reside, situate in the Second Ward, City of New Castle, Lawrence County, . . ."?

Section 9 of the Wills Act of 1917, P. L. 403, 20 PS section 221, provides: "Every will shall be construed, with reference to the real and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will."

At common law, a will, not being a conveyance, did not operate on subsequently acquired land; the Wills Act therefore provided that such land should pass un-

less the testator directed otherwise. When decedent's will was probated, the first thing to be ascertained was whether he left property answering the description "My house and lot in which I now reside, situate in the Second Ward, City of New Castle, . . ." It is agreed that at his death he owned and resided in a house in the second ward of the city. Did it pass to his wife? The will must be read, the statute says, "as if it had been executed immediately before the death of the testator," unless he shall have expressed a contrary intention. The fundamental inquiry then must be: Has he expressed an intention that the residence, answering the description in the will, but acquired subsequent to its execution, should not pass to the widow? The contention made on her behalf is that the subject of the devise was their residence; that the words "My house and lot in which I now reside, situate in the Second Ward" constituted testator's general description of their residence; that, presumably knowing the law provided his will would speak as of his death, he found it unnecessary, when he substituted one residence for another, to change the phraseology of the devise because the general testamentary description already in the will sufficiently identified the subsequently acquired residence; or, to state it differently, as the general words used would apply to any residence in the second ward occupied by them at his death, it was unnecessary to change words which, aided by the statute, would execute his testamentary intention.

The argument on behalf of the guardian is that, while testator's residence was in the second ward at the time of his death, he showed, by the expression of a contrary intention, that he did not intend to devise to his wife the after-acquired residence. This contrary intention, it is said, appears in the use of the word "now" in the phrase "in which I now reside". "Now" is a word that may be employed in any of several senses. To ascertain the sense in which the testator used "now", we cannot,

as the argument involves, lift it from its context; it must be considered as part of the general description of the devise. Though the description, in form, was in the present tense, as is common in wills, the testator was providing for the future, and, we must assume, with knowledge of the effect of the Wills Act. It may be agreed that if he had given his wife their residence, say, at number 20 North Mill Street, she would not, if he had sold it, take the substituted residence at 306 East Moody Street. But, to continue with the illustration, if, instead of selling 20 North Mill Street, he had bought a portion of the adjoining lot and incorporated it into his residence or curtilage, thus enlarging the premises 20 North Mill Street, it would doubtless be agreed that because of the twofold description by number and by residence, his widow would take the premises so enlarged after the date of the will: *In re Midland Ry. Co.*, 34 Beav. 525, 55 Eng. Reprint 738; *Castle v. Fox*, L. R. 11 Eq. 542; *In re Willis* [1911] 2 Ch. 563; *Sussex Trust Co. v. Polite*, 12 Del. Ch. 64, 106 A. 54; compare *Williams v. Brice*, 201 Pa. 595, 51 A. 376; *Williams v. Williams*, 83 Pa. Superior Ct. 90; *Hodgkins v. Hodgkins*, 123 App. Div. 110, 108 N. Y. S. 173; *Whitford's Estate*, 146 Misc. 82, 262 N. Y. S. 452.

We gather from the will that an important provision was that intended for the benefit of testator's wife; she was the principal object of his care. If he had intended to limit his devise to the residence occupied in 1922, he could have described it with reference to the street number, or by metes and bounds; but instead, he described it in general terms. In ascertaining what he meant by them, we cannot say that the word "now", considered with the rest of the description, limited the devise, for example, to 20 North Mill Street referred to in the illustration. We can therefore not say that testator expressed an intention that the substituted residence answering the description in his will, was not to pass to his wife. The word "now" was intended to relate to the

time when the will became operative: *Allen's Appeal,*
125 Pa. 544, 17 A. 453; *In re Midland Ry.,* supra; *In re
Willis,* supra; *Sussex Trust Co. v. Polite,* supra; *Hodg-
kins v. Hodgkins,* supra; see cases cited in *Fidelity
Trust Company's Appeal,* 108 Pa. 492, at 501, 1 A. 233.

Judgment affirmed, costs to be paid by appellant.