## Brill's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger and Ladner, JJ.

The facts appear from the adjudication of

BOLGER, J., auditing judge.—This account was called for audit March 7, 1940. Testatrix died December 25, 1923, and her estate as then reduced to possession was distributed under an adjudication of Judge Gest on the account of her executors. The present account is that of the surviving executor and comprises assets received 16 years after testatrix's death. It is the disposition of such assets that presents the legal question now to be decided.

The residuary legatees contend that since testatrix's vested interest in such assets was not known to exist, in fact was not declared until many years after her death, and since the identity of the stock is different from that mentioned in the will, she could not have intended the provisions of her will hereinafter quoted to operate as a specific gift thereof. This contention is resisted by the children of her brother and by the Christian Science Benevolent Association, who argue that this testatrix having actually had a vested interest in such assets at the time of her death, even though, perhaps, unmindful thereof, the language is specific and the intent to give to them as indicated by such language is clear, precise, and indubitable.

The contentious paragraphs of the will are as follows:

"Second: I direct my executors and trustees to pay semi-annually all the balance of the net income of all my estate, *including the dividends from my stock in the 'J. G. Brill Company'* to my mother for and during the term of her natural life. (Italics supplied.)

"Third: *From and after my mother's decease*, I give and bequeath one fourth of my stock in the 'J. G. Brill Company' to my brother, Byron O. Brill in trust nevertheless to collect and use the income therefrom during his lifetime. At the decease of my said brother I direct that the said one fourth of said stock be divided among the children of my said brother, share and share alike. (Italics supplied.)

"Fourth: I give and bequeath unto my Trustees and their successors the remaining three fourth of my stock in the 'J. G. Brill Company' in trust nevertheless to pay over the net income therefrom semi-annually to the following, share and share alike: Harriette M. Mix, Vara M. Snook, Erma L. Snook, all of the City of Philadelphia, and Elsie S. Murray of the City of Washington, D. C. for and during their respective natural lives. At the death of one or more of the aforesaid four beneficiaries, I direct that the net income from this Trust shall be equally

divided among the survivors during their respective lives and that the whole of said net income shall be paid to the sole survivor during her lifetime. From and after the decease of the last survivor of the aforesaid four beneficiaries of said Trust, I direct that the net income therefrom shall be paid semi-annually to 'The Christian Science Benevolent Association' located near Boston, Mass."

It is admitted that at the time decedent wrote her will she had no stock in the "J. G. Brill Company", but she had an interest in two estates which owned such stock, namely, the estate of her father, George Brill, who died in the year 1910, and the estate of her uncle, Edward Brill, who died in the year 1914; in the former instance 13 years before the date of decedent's will and in the latter 9 years before.

Her interest in her father's estate, however, never vested because it was contingent upon her surviving her mother, and she predeceased her mother. However, her interest in Edward Brill's estate was a vested interest and came into being through the construction of the will of the said Edward Brill in an adjudication by Judge Sinkler in 1939, in which he construed a power of appointment conferred upon Edward Brill's widow as limited to income, and that she had failed to properly exercise the same, thus creating an intestacy as to principal which referred back to the date of his death in 1914 and a vested interest in our testatrix, whose will was not made until 1923.

Counsel for the residuary legatees does not deny the interest of our testatrix in the Edward Brill estate was a vested one, in fact this cannot be gainsaid, because the assets have been paid over and delivered to the accountant by that estate.

Under the foregoing set of facts, two questions arise: (1) The identity of the subject matter of the alleged gift; (2) whether there has been a disposition thereof.

As to the first question, the following facts are admitted: at the time of the execution of the will the "J. G.

Brill Company" was in existence, having been incorporated in 1906. Subsequently, in the year 1926 (three years after decedent's death) the stock of the J. G. Brill Company was acquired by a new corporation, "The Brill Corporation", which acquired 99 percent of the preferred and common stock of the old company. It is the shares of stock of the latter corporation, preferred and class A and B, that were received by the accountant, together with cash from the Edward Brill estate.

There can be no question as to the identity of the subject matter of the gift and I so hold. See Lusk's Estate, 336 Pa. 465.

As to the second question—whether there has been a disposition of this stock: As above stated, testatrix had no stock of the J. G. Brill Company standing in her name at the time of the execution of the will. Certainly she must have contemplated future ownership or the provisions of the second, third, and fourth paragraphs would be idle, unnecessary, and useless. She could not have intended to refer to the interest from her father's estate which she must have known would be hers only if she survived her mother, because she gives to her mother the income from her stock for life, and she would not have had any stock from this estate unless she survived her mother. Hence, if any meaning at all is to be given to the above-quoted language, it must be held to apply to decedent's vested interest in the estate of her uncle, Edward Brill.

It is well settled that a person can dispose of that which he may not know he possesses: Ingham's Estate, 315 Pa. 293; in fact, this is why residuary clauses are so customary—they are intended to be catch-alls. But here the language is specific and has application to a particular asset.

In Lusk's Estate, supra, a devise by testator of the "house in which I now reside" was held sufficient to carry the house in which decedent lived at the time of his death, which was a different house from that in which he re-

sided at the making of the will, it being held that the will spoke as though executed immediately before death.

It should be noted that the adjudication of Judge Gest of December 11, 1924, upon the executors' accounting, states as follows:

"In the third and fourth paragraphs of her will, she disposed specifically of her stock in the J. G. Brill Company, but it is stated that she did not own such stock at the time of her death, so that this legacy is adeemed."

While this language was not called to my attention by either counsel, nor was the question argued whether or not such language could be construed as a disposition of the present question, yet I am clearly of the opinion that the matter is not res adjudicata. The stock, so far as anyone at that time knew, was not owned by decedent "at the time of her death".

It is well nigh impossible to discover the intention of testatrix, yet to accept the contention of the residuary legatees would be to declare nugatory and meaningless three paragraphs of decedent's will. The language used is specific and embraces assets of which testatrix was the owner both at the time of the execution of her will and at the time of her death, indeed, for nine years before, although not coming into possession until 17 years after her death. The award must follow the specific disposition by the will and the claim of the residuary legatees is denied.

*George B. Clothier* and *G. Ruhland Rebmann, Jr.*, for exceptants.

*Isaac S. Grossman*, contra.

LADNER, J., November 15, 1940.—Despite the comprehensive brief and the earnest argument of counsel for exceptants, we are not convinced that the learned auditing judge erred in his adjudication which satisfactorily and sufficiently discusses the questions raised by the exceptions.

The exceptions are dismissed and the adjudication is now confirmed absolutely.