JACOBS et al. v. PINKSTON et al.

No. 30512.    Jan. 20, 1942.

Rehearing Denied Feb. 10, 1942.

*121 P. 2d 996.*

Butler & Rinehart, of Oklahoma City, for plaintiffs in error.

Thos. G. Andrews and Andrews & Andrews, all of Oklahoma City, for defendants in error.

BAYLESS, J.    September 24, 1904, Paris Pinkston was the owner of certain real estate in what is now Lincoln county, Okla., and on that date executed his last will and testament, which was admitted to probate by order of the county court of Lincoln county, June 19, 1939. That county court made an order distributing the estate, including real estate acquired after the date of the will, and an appeal therefrom was prosecuted to the district court of Lincoln county, which court entered its order and judgment affirming the order of the county court, and the matter is now on appeal before us.

The paragraph of said will numbered First directed the executor, "as soon after my decease as practicable," to pay all debts against me "at the time of my decease." The paragraph of said will numbered Second, the one around which the controversy in this action revolves, reads:

"I give and bequeath unto my Brother Otha Pinkston all of my interest in and to lands, and personal property now owned by me."

At the time of the death of Paris Pinkston, Otha Pinkston had already passed away, and certain of his descendants appear herein as the distributees and will be referred to as proponents. Their right to distribution under the will is contested by a sister and a niece of Paris Pinkston. The sister and the niece are the plaintiffs in error and will be referred to herein as the contestants.

Contestants present one proposition, which reads:

"The will of Paris Pinkston conveyed to Otha Pinkston only the property owned by him at the time of the execution of the will, and as to the remainder of his property he died intestate, and it should be distributed according to law."

Both parties assert that this court has not had occasion before to pass upon this issue, and each is able to cite abundant authority from the English and American courts in support of the points of argument made by them. The annotations appearing in 75 A.L.R. 474, and 125 A.L.R. 787, together with the text and annotations in 69 C. J. 368, sec. 1384, and the text and annotations in 28 R.C.

L. 234, secs. 196-197, contain nearly all of the cases that treat of the effect of a will written in the present tense upon after-acquired property, and in these annotations will be found cases illustrating the variety of language that is sometimes used and misused in the drafting of wills.

If these cases are viewed with the purpose of dividing them numerically, it would be difficult to say that there is a better or general rule based on numbers alone. However, it does seem to us that the cases cited and relied on by the proponents come nearer announcing a rule that is consonant with the rules of interpretation prescribed by our statutes.

In addition to sections 1579, 1580, 1583, 1584, 1586, 1588, and 1593, O. S. 1931, 84 O.S.A. §§ 151, 152, 155, 156, 158, 160 and 165, dealing with the interpretation of wills, proponents have called our attention to section 1578, O. S. 1931, 84 O.S.A. § 146, which reads:

"Any estate, right or interest in lands, acquired by the testator after the making of his will, passes thereby and in like manner as if title thereto was vested in him at the time of making the will, unless the contrary manifestly appears by the will to have been the intention of the testator. Every will made in express terms, devising, or in any other terms denoting the intent of the testator to devise all the real estate of such testator, passes all the real estate which such testator was entitled to devise at the time of his decease."

We think this section, when considered with section 1593, O. S. 1931, 84 O.S.A. § 165, clearly evinces an intention of our lawmakers to have wills interpreted so as to make them effectual as of the date of the death of the testator unless there is language in the will which clearly fixes the effective date of a will. Section 1593, O. S. 1931, 84 O.S.A. § 165, reads:

"A devise or bequest of all the testator's real or personal property, in express terms, or in any other terms denoting his intent to dispose of all his real or personal property, passes all the real or personal property which he was entitled to dispose of by will at the time of his death."

We think the language of this will clearly and in express terms denotes an intent on the part of the testator to dispose of all of his real and personal property at the time it was made, and this section makes such intent effectual at the time of the execution of the instrument as well as at the time of death. The language in this will relied upon to expressly denote a different intent is not, in our opinion, sufficient to limit the devise or bequest theretofore made.

The second paragraph of this will, quoted above, evinces an intention to dispose of all of the testator's interest in and to lands, and would be completely effectual on the date of death, unless a different intent is manifested by the use of the phrase "now owned by me." While there is a diversity of view in the decisions involving phrases containing the word "now," we think that since a will is considered to be republished each day of its existence (unless and until revoked), it can be considered to speak of the term "now owned by me" as applying on the date of decease as well as on the date of execution. In section 1578, O. S. 1931, 84 O.S.A. § 146, supra, the first complete sentence speaks of after-acquired property passing in like manner as if the title thereto was vested in the testator at the date of the execution of the will "unless the contrary manifestly appears by the will to have been the intention of the testator." In order for us to say that the phrase "now owned by me" manifested an intention on the part of the testator to dispose of the property owned on the 24th day of September, 1904, and nothing else, we would be forced to say that phrase "now owned by me" was clear and unambiguous. In view of the controversy that has arisen with respect to this will and the number of cases heretofore considered in other jurisdictions involving the same or similar phrases, this phrase cannot be considered clear and unambiguous. The last sentence of 84 O.S.A. § 146, says in effect that every will, in express terms or "in any other terms" denot-

ing the intent of the testator to dispose of all of the real estate owned by him, passes all of the real estate owned by him at the time of his death. This is the sense also of section 1593, O. S. 1931, 84 O.S.A. § 165. Reference to the language of the second paragraph of the will quoted above indicates an intention to dispose of "all of my interests in and to lands and personal property." Section 1584, O. S. 1931, 84 O.S.A. § 156, prescribes, in effect, that a clear or distinct devise or bequest cannot be affected by any other words in the will not equally clear and distinct.

We think that it is reasonably clear from the statutes quoted by us that the rule with respect to ambulatory wills applies in Oklahoma and makes the will under consideration, using the phrase "now owned by me," effective as of the date of the decease of the testator as well as on the date of its execution.

The judgment of the district court of Lincoln county is affirmed.

WELCH, C. J., and RILEY, OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., dissents.