In the Matter of the Estate of GUGLIELMO TOPAZIO, Deceased.

Surrogate's Court, Kings County, October 14, 1940.

*Charles H. McCarty* [*Thomas J. McManus* of counsel], for Louis Topazio, as executor, etc., and specific legatee, petitioner.

*Samuel Fish*, for Vincent Topazio, residuary legatee, respondent.

*Mario J. Cariello*, for Josephine Topazio, widow, respondent.

*William C. McCreery*, special guardian for infant general legatees.

DODD, Acting Surrogate. The primary question here presented relates to the source of payment of the share to which the widow is entitled by reason of her election pursuant to the terms of section 18 of the Decedent Estate Law.

In *Matter of Curley* (160 Misc. 844, 851) this court, after a review of all the previous decisions on the subject, listed a series of pertinent rules which appear to be established by the consensus of opinion.

In the present proceeding, a specific devisee contends that his gift should be exonerated from the general contribution to make up the elective share of the widow.

The primary purpose of section 18 of the Decedent Estate Law was to assure a surviving spouse of a minimum participation in the property of the decedent and, in effect, to impose a condition on the right of testamentary direction by a decedent of his property, that he should be permitted to donate it only to the extent that his act did not infringe upon the intestate rights of a surviving spouse, as therein defined, if she chose to assert her statutory rights.

The entire tenor of the section is indicative of a legislative intent that except in so far as may be required for the purpose of according justice to the dissenting spouse, the effectuation of her right shall produce a minimum dislocation of the expressed wishes of the testator. In each situation in which the statute specifies that the express directions of the testator shall be superseded for the validization of the right of the spouse, it is further stipulated that after this has been accomplished " the terms of the will shall otherwise remain effective." (See Dec. Est. Law, § 18, subds. 1 [b], 1 [e], 1 [f].)

This thought is further emphasized in subdivision 2 of the section, which provides that "Where any such election shall have been made, the will shall be valid as to the residue remaining after the elective share provided in this section has been deducted and the terms of the will shall as far as possible remain effective."

The contention here advanced, that the ordinary rules of abatement, where the assets of the estate are initially inadequate to satisfy all gifts, should be applied in a situation like the present, has periodically been advanced and has been met with quite uniform rejection as not according equitable treatment to all testamentary donees or complying with the statutory injunction of preservation of the script so far as conditions will permit.

According to these arbitrary rules of presumed intention, an inference is deemed to exist that where a specific object has been given, the testamentary wish will be infringed if it is compelled to contribute to the payment of general gifts and that the testator desired nothing to go to residuary gifts, except possibly real estate, until general legatees have been satisfied in full. These rules are predicated purely on a desire not to defeat the wishes of the testator.

As pointed out in *Matter of Curley* (160 Misc. 844, 852), however, in a problem of the selection of the source of the payments to an electing spouse, there is no room for indulging in inferences respecting the wishes of the testator. These are wholly patent from the terms of the will. He had adequate property to satisfy his directions but a third party has subsequently set the statute in motion with the result that his wholly unambiguous wishes which, except for this condition subsequent, would have been effectuated, are impossible of fulfilment.

At the hazard of redundancy a quotation from Surrogate FOLEY's opinion in *Matter of Byrnes* (149 Misc. 449, 452) seems appropriate. He writes: "In the pending proceeding, by the method adopted by the surrogate, of charging the statutory share of the widow proportionately against the charitable [general] legatees and against the corpus of the residuary trust, equity will be accomplished, and in the language of the section, ' the terms of the will shall as far as possible remain effective.' The intention of the testator will likewise be preserved as nearly as possible. If preliminary legatees were not required to contribute, injustice would result. We may assume, for example, an estate of $100,000 of which $25,000 was given by preliminary legacies to charity, $25,000 as legacies to friends, and $50,000 as a residue to the brothers and sisters of the testator. We will assume the existence of a right of election and its exercise by the widow. If the widow's intestate share of $50,000 was to be deducted from the residue

alone, and no reduction made as against the charitable and other legatees, the entire residue would be destroyed and the intention of the testator to benefit his brothers and sisters would be defeated. Experience has shown that in the great majority of wills the preliminary legacies are given to charities, distant relatives and friends of the testator. The residue is usually given to the spouse for life or absolutely or to the children or to the dependent and nearer relatives either outright or in trust. By apportioning the withdrawn share against all the beneficiaries, the general plan of the will may be, to a great extent, preserved and the balance maintained between the respective preliminary and residuary beneficiaries. The testator may take advantage of the privileges given him under the statute and provide for his wife with a life interest in part of his estate, the minimum amount of which is fixed in the section. If he does not, he is charged with knowledge that the widow may claim her statutory right and that the effective remaining portions of his will must be ratably modified to meet the withdrawal. I have accordingly adopted the method of equitable apportionment and ratable contribution."

No argument is capable of being advanced in support of the exoneration from contribution of a specific gift at the expense of a general legacy which would not be equally applicable as between general and residuary gifts. The entire subject is perhaps more clearly to be appreciated when it is viewed from the standpoint of the electing spouse. The statute as a whole is, in reality, one of modified or conditional intestate inheritance. A surviving spouse, if she so elects, is entitled to receive her intestate share, as defined in the section, in the estate of the decedent if the terms of his will do not comply with the requirements of the statute. From her standpoint the property of the estate devolves as intestate, and her rights are measured by this conception. (*Matter of Bommer*, 159 Misc. 511, 514.) If there are children, she is entitled to one-third of the net estate. This does not imply that she is solely entitled to any particular asset. Conversely, she may not be excluded from participation in any individual item of property. She becomes a tenant in common, to the extent of one-third, in all of the property of the decedent after the payment of funeral and testamentary expenses and debts (*Matter of Bommer, supra*), irrespective of the nature of the property and whether or not the testator attempted to give it to another in disregard of her rights. Equivalently stated, the intestate share of the electing spouse constitutes a primary charge upon the entire net estate. (*Matter of Curley*, 160 Misc. 844, 851; *Matter of Devine*, 147 id. 273; *Matter of Wishart*, 149 id. 343; *Matter of Byrnes*, Id. 449; *Matter of Collins*,

156 id. 783; *Matter of Mancinelli*, 158 id. 605; *Matter of Fisher*, 159 id. 190.) When, therefore, the time for distribution of the assets pursuant to the terms of the will arrives, the several testamentary donations are subjected to a *pro tanto* statutory lien which must be satisfied either from the subject-matter of the several gifts or by exoneration by the donees, in a manner identical with that practiced in respect of any other lien. (*Matter of Wishart*, 149 Misc. 343, 345; *Matter of Ferrara*, 165 id. 900, 903.)

In the absence of express direction for preference by the testator there is no reason in logic or justice which would permit of the taking of the property of one donee for the purpose of satisfying this lien on the gift of another. On the contrary, such action would accomplish a direct violation of the statutory admonition that " after the elective share * * * has been deducted * * * the terms of the will shall as far as possible remain effective." Of course, if an express wish for exoneration from the lien of any particular gift is visible from the directions of the will, when these are read in the light of the testator's situation at the date of its execution, it will be effectuated. (*Matter of Devine*, 147 Misc. 273; *Matter of Curley*, 160 id. 844, 851; *Matter of Hochster*, 166 621, 624; affd., 256 App. Div. 844.) In the present case there is no indication that the testator intended to prefer his son over his daughters and the son of his deceased daughter, or to exonerate the gift to him at their expense.

It follows that after applying the value of the testamentary gift to the widow, all other benefits given by the will must contribute *pro rata* to make up the necessary total which is due her. The formula for use in this connection is fully illustrated in *Matter of Curley* (160 Misc. 844, 853–855).

The final question presented relates to the validity of the gift to the widow under item " Second " of the will. This is of importance only as measuring the extent of the contribution of the other gifts to make up her intestate share. She is given " the sum of thirty-five dollars a month and free rent where she now lives while she is my widow."

It is conceded that the gift of occupancy constitutes a valid life estate but it is contended that the financial gift is invalid as an attempted trust. It is neither invalid nor an attempted trust but a valid annuity, which, like the intestate share hereinbefore considered, constitutes an overriding lien on all of the assets of the estate. (*Matter of Proctor*, 235 App. Div. 6, 8; *Matter of Burroughs*, 155 Misc. 237, 240; *Matter of Gobel*, 141 id. 503, 506.)

Enter decree, on notice, in conformity herewith.