In the Matter of the Estate of ADA ALEMBIK HURWITZ, Also Known as ADA ALEMBIK and ADA ALEMBEIK, Deceased.

Surrogate's Court, Bronx County, June 20, 1941.

*Eli Bensky*, for Stanislaw Greenstein and Eli Bensky, as executors, etc.

*Murry B. Soin*, for Hyman Hurwitz, husband of decedent.

*Blum & Jolles*, for the Polish Consulate.

*James J. O'Connell*, special guardian.

HENDERSON, S.   No objections to the account have been filed.

The bequests to the Polish legatees will be paid into court as requested by the executors.

The executor who rendered legal services to the estate will be allowed the sum of $400 therefor, including the proceedings in the estate of the deceased first husband of the testatrix and the entry of the decree herein.

The testatrix expressly disinherited the husband who survived her because " he is amply provided for in his own right and estate, and he has stated to [her] that he has no need for any part of [her] estate." However, he has made an unchallenged election to take his intestate share against the will, as authorized by statute (Dec. Est. Law, § 18), and thereby is entitled to one-half the net estate.

The executors seek directions as to the sources from which his half may be satisfied.

To each of two legatees she gave $100 and an earring evaluated at $22.50. There are seven other general legacies of money, exclusive of that for a gravestone, which aggregate $1,100. The bequest for the erection of a gravestone will be allowed as a reasonable funeral expense to the extent of the cost thereof, $193.80. The balance forms a part of the residuary estate which approximates $1,700 in cash and was bequeathed in equal shares to named nieces and a nephew, the nearest blood relatives of the testatrix. The husband's intestate share will be in the neighborhood of $1,500.

That part of the statute which relates to the satisfaction of an absolute right of election (Dec. Est. Law, § 18, subd. 2) was purposely drawn and enacted " in general terms with a deliberate design to vest in the courts an equitable authority over the apportionment of the charge, caused by the withdrawal by the surviving spouse." (*Matter of Byrnes*, 149 Misc. 449, 451.) The sources of payment should be determined on equitable principles in the light of each particular will, so as to " preserve so far as is possible the testamentary scheme and the relative equities of the beneficiaries." (*Matter of Devine*, 147 Misc. 273, 277, 281.) The testatrix expressed no preferment in her will. Hence the specific legacies are required to contribute proportionately with the general and residuary legacies to the satisfaction of the husband's intestate share. (*Matter of Topazio*, 175 Misc. 132, 135; *Matter of Curley*, 160 id. 844, 851.)

With the exception of the above-noted bequest for a gravestone, every legacy under this will must bear its *pro rata* share of the total charge resulting from the statutory election. This determination effectuates an equitable apportionment among the respective beneficiaries with the least possible impairment to the testamentary provisions.

Settle decree accordingly.