In the Matter of the Accounting of LOUIS S. ADLER at al., as Executors of RAIA WITTNER, Deceased.

Surrogate's Court, New York County, November 7, 1951.

*Israel S. Schwartz* for executors, petitioners.

*Wittner & Wittner* for Henry L. Wittner, respondent.

*Harold M. Geller* and *Theodore Shulman* for Renate Baum and another, respondents.

*Thomas J. McNamee,* special guardian for Ravanna Schall and another, infants, respondents.

COLLINS, S.   It has been determined that the surviving husband has an absolute right to elect to take against the will (*Matter of Wittner,* 301 N. Y. 461).   In this accounting proceeding, the executors have made no attempt to set forth the manner in which the right of election shall be satisfied.   The adult beneficiaries and the husband object to the executors' failure to set forth the values of their respective interests, but, like the executors, they leave the entire matter of the formula and the computations to the court.

The decedent being survived by a husband and children, the elective share will be one third of the net estate.   The manner of computing the share is set forth in *Matter of Ittleson* (197 Misc. 786, 788).   With respect to the source of the intestate share, the statute (Decedent Estate Law, § 18, subd. 2) is said to have been drafted " in general terms with a deliberate design to vest in the courts an equitable authority over the apportionment of the charge, caused by the withdrawal by the surviving spouse. " (*Matter of Byrnes,* 149 Misc. 449, 451; *Matter of Hurwitz,* 176 Misc. 719, 720.)   The source of payment must be determined on the basis of each particular will and in such manner as to preserve as nearly as possible the testamentary plan and the relative equities of the beneficiaries (*Matter of Hurwitz, supra; Matter of Devine,* 147 Misc. 273, 277; *Matter of Fisher,* 159 Misc. 190, 192.)

The testamentary plan of this decedent will be preserved as far as possible by charging the elective share pro rata against the specific legacies in articles second and third, the gift in trust in article fifth and the residue bequeathed in article sixth. Within the residue, the plan will be substantially preserved by charging the residue's contribution to the elective share against the one third directed to be set apart for the husband.   If that share be insufficient for the purpose, the balance will be charged equally against the other two parts of the residue.

The primary plan of decedent was to divide her estate between her son and daughter, the former receiving his share outright and the latter only when she attained age thirty-five.   The share

set aside for the husband's life use was diverted from this primary end only temporarily and only to the extent necessary, and when the husband's life use ended, that share, like the balance of the residue, fell within the outlines of the primary plan. If the residue's contribution is exacted from this trust, the relative equities of the beneficiaries are preserved and the testamentary plan suffers the least possible damage.

The parties are in agreement with respect to the husband's exemptions under section 200 of the Surrogate's Court Act and as to his right to share in the income. The agreement of certain of the parties as to the values of specific property in the computation of the elective share, is binding only on the consenting persons and their interests.

The executors are directed to supplement the account by schedules setting forth the interests of the respective parties in accordance with the directions of the court. ·

The personal claim of the executor is set down on my calendar for hearing on the 30th day of November, 1951, at 12:00 M.