William T. Collins, S.
This is a proceeding under section 145-a of the Surrogate’s Court Act for a determination of the validity and effect of the widow’s election to take against the will. The testator, after providing for gifts aggregating $20,000, directed the division of his residuary estate into three equal parts. The first of these was left in trust for a daughter for life with remainder to another daughter and son. The *717 other two shares were left in separate trusts for the widow for life and the remainders to the two other children of the deceased respectively. The widow was designated as cotrustee together with the New Rochelle Trust Company. Provision was made permitting an invasion of the principal of each of the trusts for the benefit of the deceased’s widow to the extent that “ she shall require for her personal use and welfare and for the use and benefit ” of each of the children. The extent to which invasion was permitted in any calendar year was limited to $2,500 in each trust.
It is the contention of the corporate trustee and of the special guardian for the infant remaindermen that the widow’s right of election is limited to the sum of $2,500, it being their position that the trusts exceed the minimal benefits required by section 18 of the Decedent Estate Law. The court is unable to concur in this conclusion. This will bears a marked resemblance to that considered by the Court of Appeals in Matter of Wittner (301 N. Y. 461). It was there held that the right to invade principal for the benefit of persons other than the widow rendered the trusts illusory with the result that the election of the surviving spouse was upheld. Upon the reasoning and authority of that decision, the court holds that the widow has an absolute right to elect her intestate share.
Submit decree on notice.