William T. Collins, S.
The widow has elected to take against the will and in this proceeding asks a judicial determination of her right to so elect. The will is simple insofar as the widow;is concerned. The first and second paragraphs contain the familiar provisions revoking prior wills and directing payment of debts. The present controversy springs largely from the third paragraph of the will which directs the executors to pay all estate taxes and provides that “ [n]o part of such taxes shall be apportioned to or charged against any of the following gifts, devises or bequests.” The fourth and fifth paragraphs set up one third of the estate of the testator in trust for the life use of the widow. She is assured a minimum annuity of $10,000 by appropriate directions for invasion of principal if the trust income falls below that figure. The corpus of the trust will pass eventually to the testator’s children or their issue. Out of the remaining two thirds of the estate which is disposed of in the sixth paragraph, the widow is to receive all clothing, jewelry, household and personal effects. The rest of the estate is bequeathed outright or in trusts for the benefit of other members of the family under provisions that are not relevant here.
The widow’s intestate share and her testamentary trust are each one third of the testator’s disposable property. The widow asserts, however, that her intestate share would be one third of the net estate before estate taxes are considered, while the will gives her a life use in one third of the estate after all taxes have been deducted and paid. The third paragraph of the will, she contends, results in giving her something substantially less than her minimum share and thus gives her a right of election under section 18 of the Decedent Estate Law.
Our first problem is to determine the meaning and effect of the third paragraph of the will. The widow’s trust is not *333 entitled to the marital deduction and none of the other legacies is exempt from taxes. The estate generally is divided into two parts, one consisting of one third and the other comprised of the remaining two thirds. Hence, the direction that no part of the estate taxes shall be “ charged against any of the following gifts ” obviously does not mean that all legacies are free from any tax burden.
The first of the “ gifts, devises or bequests ” after the tax clause is the gift in trust for the widow. No one even suggests that her trust is free from taxes and that all such taxes are to be paid out of the residue of the residue. Such an argument would destroy any claim of election. It is sufficient to say that even if such a suggestion has been made the text of the will would not support any such implication of intent.
The second portion of his estate, consisting “ of the remaining two-thirds of [his] said net estate ”, was disposed of by seven pecuniary legacies in stated amounts (reduced to six by the codicil), the specific legacies to the widow referred to herein-above and further trusts consisting of “ [a] 11 of the rest, residue and remainder of the said two-thirds of [his] said net estate.” This paragraph begins with the words, ‘ ‘ Out of the remaining two-thirds of my said net estate, I give, devise and bequeath.” Those words are parallel to those which express the gift to the widow in the preceding paragraph, viz., ‘ ‘ I give, devise and bequeath one-third of the rest, residue and remainder (being my net estate) ”. Quite obviously the second portion of the estate was not intended to be wholly free from any burden of estate taxes any more than was the first portion. The effect of the testamentary direction, however, was to make it clear beyond possibility of challenge that the pecuniary legacies and the specific legacies would be paid without being subject to the burden of taxes. These gifts are undoubtedly what the testator had in mind in paragraph third when he made the direction against apportionment of estate taxes. To accomplish this purpose he directed his executors to pay all estate taxes as a general estate expense and to make no apportionment of such taxes against any gift or devise.
The tax burden thus falls on those gifts which are constituted of fractional shares rather than specific sums of money and it falls heaviest on the trusts erected out of the residue of two thirds. The widow’s trust consists of one third of the estate and in effect it bears one third of the estate taxes. Her tax burden is attributable only to her own trust fund and to no other property of the testator. The trusts for other members of the family (being what the decedent called “ the rest, residue *334 and remainder of the said two-thirds of my said net estate ”) bear two thirds of the entire tax burden. These trusts suffer not only their prorata share of estate taxes but also the taxes attributable to the specific legacy and the pecuniary legacies. This result flows necessarily from the division of the estate after taxes and payment of all legacies from the two-thirds share.
It is clear, therefore, that insofar as the widow’s rights are concerned, and assuming that she is entitled to no exemption or deduction in the estate tax proceedings, paragraph third of the will is of no practical consequence at all. Estate taxes in such a case do not adversely affect her trust in any way. The arithmetical result is precisely the same whether the executors first deduct all estate taxes and give the widow one third of what remains, or whether they allocate to her trust one third of the estate assets after payment of debts and expenses and then apportion one third of the estate taxes against her trust. The dollar result is the same in each case. The figures used in the widow’s brief plainly demonstrate this fact. She assumes an estate of $450,000 after payment of all debts and administration expenses, and estate taxes of $111,000. Deducting the taxes, we have an estate of $339,000 and a trust fund of $113,000. On the other hand, if we divide the estate before considering taxes, the tentative trust fund would be $150,000 against which estate taxes of $37,000 (% of $111,000) are chargeable. The trust fund would have a net value of $113,000.
Section 18 of the Decedent Estate Law explicitly authorizes a testator to direct that a trust be set up for the benefit of his spouse for life in an amount equal to or greater than her intestate share, and in such case no right of election shall exist in the surviving spouse (subd. 1, pars, [d], [e]). The widow’s intestate share would be one third of the net estate; the trust principal is to consist of one third of the net estate. It is true that her intestate share would be one third of the net estate before estate taxes and that estate taxes must thereafter be equitably allocated in accordance with section 124. In substance the will does not give the widow anything different than the law prescribes as her minimum share. The will does not relieve her of her equitable share of the tax load, nor does it transfer to her any part of the tax burden of any other person. All it does is to make certain that the tax burden of the other two thirds falls only on the other trusts and not on the general legacies. Insofar as the dollar amount of her intestate share is concerned, the will gives her in trust an amount equal to her intestate share, with income payable to her for life and she therefore has no right to take against the will.
*335 Counsel for the widow reach a different result. They would apportion to the widow one third of the net estate after deducting all debts and expenses of administration but without considering estate taxes at all. Using the figures assumed by the widow, they would allocate one third of $450,000 or $150,000, as her intestate share. They do not allocate any estate taxes against this figure. Subtracting the corpus of the trust as provided in the will, or $113,000, they assert that the widow’s intestate share is $37,000 more than the will provides. They make no attempt to allocate any estate taxes against the $37,000, because, so the argument runs, she will take it outright, there will be a marital deduction in that amount, and there will be nothing to allocate against that sum. What they have failed to do is to allocate against the widow’s trust the full amount of taxes allocable against it. Indeed, they do not allocate estate taxes at all, and it is the attempt to do half one thing and half another that has led them into error. Petitioner relies upon Matter of Goldsmith (177 Mise. 298) as authority for the contention that the intestate share of the widow is to be first computed without considering estate taxes, but she ignores the decision insofar as it held that it was necessary “ to determine the ratio of contribution by the actually taxed property” (p. 301) and that estate taxes were to be equitably prorated against all of the legacies and benefits. (Italics added.)
This court has heretofore held that section 18 does not require a testator to give his spouse an absolute gift of her intestate share or an absolute power of appointment over property held in trust. (Matter of Ruppert, 1 Misc 2d 1072; Matter of Edwards, 2 Misc 2d 564.) There is no rule of public policy of this State which requires a testator to minimize estate taxes or to take advantage of the marital deduction provision. It is true that a different kind of legacy for the widow’s benefit might have resulted in smaller taxes for the estate and a larger portion of the estate for the widow’s use. Section 18 of the Decedent Estate Law permits, however, a gift in trust for the spouse, with remainder to any other person the testator chooses. The tax consequences of a gift in trust do not render vulnerable that which section 18 explicitly authorizes.
The parties have not discussed the value of the specific legacies bequeathed to the widow or the extent of her right to take up to $2,500 from the corpus of the trust. If the legacies given to the widow do not exceed $2,500, she clearly has “ the limited right to elect to take not more than the sum of twenty-five hundred dollars inclusive of the amount of such legacy or devise, and the difference between such legacy or devise and the *336 sum of twenty-five hundred dollars shall be deducted from the principal of such trust fund and the terms of the will shall otherwise remain effective.” (Decedent Estate Law, § 18, subd. 1, par. [e].)
Nor have the parties discussed possible differences that might exist in the allocation of the State estate taxes and the Federal estate taxes. An exemption actually granted under the State law might result in a minor difference between the value of her trust under the will and her intestate share after equitable allocation of estate taxes. That question has neither been presented nor passed upon.
The petition asks the court to decree that the petitioner is entitled to take an amount equal to the difference between one third of the estate before taxes and the value of the benefits given under the will and also to the sum of $2,500 which is to be deducted from the corpus of her trust. The petition asks the court to declare that these amounts are subjected to marital deductions allowed in computing Federal and State estate taxes. For the reasons stated by the court the prayer of the petition must be denied. The tax proceedings have not yet been concluded and no definitive figures are available for determining the actual value of the widow’s trust. The decree to be entered herein may not go beyond the issues formulated by the pleadings. The court holds that the method proposed by the widow for computing her intestate share is not correct and that she is not entitled to the relief which she demands.
Submit decree on notice accordingly.