Joseph A. Cox, S.
In this accounting proceeding three objections have been raised by the special guardian for certain infants.
The first involves distribution pursuant to the third and fourth provisions of the will which are as follows: “Third: I hereby give and bequeath to the * * * (Church) * * * all that certain sum of money now on deposit in the Harlem Savings Bank”. The fourth provision is identical naming a different church as beneficiary and another bank account. When the will was drawn the account in the third paragraph contained $2,020.07, the fourth $487.34. At the date of death they contained respectively $2,038.22 and $2,533.36. The churches contend that the legacies should be determined as of the date of death. The special guardian contends that only the balance at the time the will was executed should be paid.
The rule both in England and New York is that wills are ambulatory instruments spealdng as of the date of death rather than the time of execution. Thus, should a testator bequeath “ all I possess ” this would include property owned at the date of death. Does the insertion of the word “ all I now possess ” change that meaning? Wagstaff v. Wagstaff (L. R. 8 Eq. 229 [1869]) held that it did not. In each instance the testator is speaking in the present tense. More distinct words would be necessary to change the normal rule of construction. (Hepburn v. Skirving, 32 L. T. [O. S.] 26; All Souls College v. Coddrington, 1 P. Wms. 597.)
The New York cases construing the word “now ” follow the same theory. However, in Quinn v. Hardenbrook (54 N. Y. 83, 87) a will clause providing that the widow should receive “ all the real and personal estate I now possess or may hereafter become heir to * * * (from two named sources) ”, was construed as referring to the time of execution. The case is sometimes cited for the simple proposition that “ now” refers to property owned by decedent at the time of the will (28A Words and Phrases, p. 631). Lent v. Lent (24 Hun 436, 437) clarified this opinion. There the will provided ‘ ‘ I also give and bequeath * * * all my real estate now possessed by me ’ \ When testator made the will he owned a farm. He subsequently sold it and purchased different property. The court held that 11 now ’ ’ included all property owned at the date of death. The court distinguished Quinn because there the words “ now own ” *849 were followed by “or may hereafter become heir to”. The court reasoned that the reference to a possible future acquisition restricted the meaning of “now” to the date of the will, meaning that except from the two known sources the testator did not intend to include after acquired property. In Hodgkins v. Hodgkins (123 App. Div. 110) the sole provision of the will was, “ I give and bequeath to my husband * * * all my real estate and personal property of which I am now possessed.” Quinn was distinguished here as in Lent. It was held that “ now ” is to be construed as of the date of death. A more recent case is Matter of Le Collen (190 Misc. 272, 274) where the testator gave the contents of certain envelopes “ now in my safe deposit box ” in a named bank. The court construed the clause as referring to the date of death. It is held that the funds on deposit at the date of death should pass to the churches named, less their prorata share of the deficiency caused by the widow’s election against the will.
The second objection of the special guardian concerns the right of the Italian Consul to receive and transmit the share of an infant national of Italy. By the twenty-seventh paragraph of his will testator bequeathed $1,000 to a cousin. The cousin survived the testator but died shortly thereafter survived by four sons and an infant grandson. They are the sole distributees of the legatee. The special guardian recommends that the share payable to the infant be deposited in a bank in New York City to be held until the infant reaches majority. An Italian consular officer has the right “ on behalf of his nonresident countrymen [to] collect and receipt for their distributive shares derived from estates in process of probate e * * for transmission * * * to the proper distributees ”. (Consular Convention between United States and Mexico, Art. IX [57 U. S. Rev. Stat. 800 et seq.]; Consular Convention between United States and Italy, Art. XVII [20 U. S. Stat. 725 et seq.].) These conventions provide no limitation as to infant’s property. (Matter of Perillo, 173 Misc. 21; Matter of Tartaglio, 12 Misc. 245.) The Italian Consul is entitled to receive the funds on behalf of the infant.
The third objection concerns the abatement of legacies to make up the deficiency caused by the exercise of the widow’s right of election. The testator made no provision for his widow. By the executrix’ account all legacies specific, general and residuary abate proportionately to make up the deficiency. It is contended that the amount necessary to provide for the widow’s elective share should bo drawn solely from the residuary estate. The reasoning is that since there are 29 general legacies *850 the testator must have intended that they be preferred to the four residuary legacies. Matter of Curley (160 Misc. 844) is cited as support for this proposition.
The rule in New York is that where testator has expressed no preference all legacies must abate ratably to make up the deficiency caused by the election whether the legacies be general, specific, or residuary. (Matter of Litt, 73 N. Y. S. 2d 368; Matter of Topazio, 175 Misc. 132; Matter of Barrow, 204 Misc. 339.)
The rule is different in most other States. (Pace v. Pace, 271 Ill. 114; Trustees Church Home v. Morris, 99 Ky. 317; Adams v. Legroo, 111 Me. 302; Firth v. Denny, 2 Allen 468 [Mass.]; Meek v. Trotter, 133 Tenn. 145.) These courts have held the residuary must abate first.
While the Curley case (supra) admitted that an exception might be possible, it did not find one and is actually opposed to the proposition for which it is cited.
Since it does not appear from the will that a preference was intended, the established rule of this jurisdiction must be applied. All legacies will abate proportionately.
Proof having been submitted and the special guardian having withdrawn objections as to their existence and right to receive legacies, the decree to me submitted may provide for the payment of: (one) the legacy under paragraph Third to the Santuario della Beata Vergine ss. del Rosario di Pompei (referred to by the testator as Santuario di Pompei, opere annesse,) of (two) the legacy under paragraph Fourth to the Parish of SS. Cosma e Damiano of the municipality of Villa San Giovanni Province of Reggio Calabria (referred to by testator as the Church of San Cosimo e Damiano) and of (three) the legacy under paragraph Sixth to the Congregazione dei Padri Ragazionisti del Sacro Cuore di Gesu, also known as and referred to by the testator as Orfonotrofi Antoniani Del Cannonico.
Submit decree accordingly.