S. Samuel Di Falco, S.
In this proceeding under section 145-a of the Surrogate’s Court Act instituted by the surviving widow for a determination of the validity of the exercise by her of her right of election to take against the will there has been returned from the Court of Appeals the order on remittitur. (5 N Y 2d 719.) The attorney for the petitioning widow presently seeks an allowance under section 278 of the Surrogate’s Court Act for services rendered by him in connection with the construction of the will which he insists was required in order for the court to determine the extent of the widow’s interest in the estate. The executors resist the application for an allowance contending that a proceeding under section 145-a of the Surrogate’s Court Act can never require a construction and hence that no award is permissible since costs were not allowed to the petitioner either in the Appellate Division or in the Court of Appeals.
The court is of the view that in the ordinary case the respondents are correct in their position. (Matter of Richmond, 276 App. Div. 271.) There can, however, be little doubt that construction of the will was required in this proceeding. The widow, relying upon the decision of the Court of Appeals in Matter of Wittner (301 N. Y. 461) and the decision of this court in Matter of Harris (7 Misc 2d 716) argued that the trust was invalid for statutory inadequacy (Decedent Estate Law, § 18) because of what she asserted was the right of the trustees to invade principal for the benefit of other persons. In order to resolve this issue the duty fell upon the court to analyze and determine the operative effect of paragraph ‘ ‘ Fourth ’ ’ of the will. As Mr. Justice Rabin observed, writing for a unanimous Appellate Division reversing the decision of this court (Matter of Lieberman, 4 A D 2d 512, 514), “ we conclude that paragraph ‘ Fourth ’, properly construed, does not create the risk which petitioner hypothesizes ”. That statement accurately describes the nature of the judicial function in this proceeding and consequently it is error to argue that no construction of the will was required.
The Surrogate is empowered and at times required to construe wills even in proceedings in which that relief is not initially sought. The authority for his action in so doing is to be found in subdivision 8 of section 40 of the Surrogate’s Court Act which provides as follows: “To determine the validity, construction or effect of any disposition of property contained in *858 any will proved in his court, whenever a special proceeding' is brought for that purpose, or whenever it is necessary to make such determination as to any will in a proceeding pending before him, or whenever any party to a proceeding for the probate of any will, who is interested thereunder, demands such determination in such proceeding.”
In light of this provision and in view of the fact that the jurisdiction so conferred had to be exercised in this proceeding, the court is of the view that an allowance for services in connection with the construction of the will is clearly permissible under section 278 of the Surrogate’s Court Act. The amount of the award has been fixed.
Resubmit decree with a provision directing payment.