Joseph A. Cox, S.
In this proceeding under section 145-a of the Surrogate’s Court Act for determination of the validity of the exercise by decedent’s widow of her right of election to take *323 her intestate share of the estate, the court is called upon to determine the effect of the following provisions of the will:
Third: I give, devise and bequeath to my wife, sylvia bleier, the sum of FIVE THOUSAND ($5,000.00) DOLLARS.
Fifth : I give, devise and bequeath to my wife, sylvia bleier, all household goods, furniture, glassware, silverware, china, wearing apparel, and articles for personal use or ornament, jewelry, and all other articles of personal property belonging to my household.
Sixth: All the rest, residue and remainder of my property, whether real, personal or mixed, of which I may die seized or possessed, or to which I may in any manner be entitled at the time of my death, I give, devise and bequeath to my trustees hereinafter named, in trust, nevertheless, to and for the purposes following:
1. To take possession of, hold, invest and reinvest the same, and to collect the income thereof, and after paying all expenses incident thereto, to pay out of the said net income thereof, the sum of ONE HUNDRED AND FIFTY ($150.00) DOLLARS, weekly, to my wife, sylvia bleier, for the support of herself and my son, Robert s. bleier, until my son arrives at the age of twenty-two years, subject, also, to the following terms and conditions:
2. Should my wife remarry at any time before my son arrives at the age of twenty-two years, I direct my Trustees to pay her, out of the income aforementioned, the sum of SEVENTY-FIVE ($75.00) DOLLARS, weekly, and to my son, Robert the sum of SEVENTY-FIVE ($75.00) DOLLARS, weekly, until my son arrives at the age of twenty-two years.
3. Upon my son arriving at the age of twenty-two years, and provided my wife has not remarried, I direct my trustees to pay to my wife, out of the income aforementioned, the sum of ONE HUNDRED ($100.00) DOLLARS, weekly, and to my son Robert, the sum of FIFTY ($50.00) DOLLARS, weekly, until my son shall arrive at the age of thirty years. Should my wife remarry after my son arrives at the age of twenty-two years, and before he reaches thirty years of age, then I direct my trustees to pay to my wife, out of the income aforementioned, the sum of SEVENTY-FIVE ($75.00) DOLLARS per week and to my son, Robert, the sum of SEVENTY-FIVE ($75.00) DOLLARS per week, until my son shall arrive at the age of thirty years.
4. In the event that my wife should die at any time prior to my son arriving at the age of thirty years, I direct that my trustees pay to my son the entire income of the trust fund aforementioned, until he shall arrive at the age of thirty years, at which time, and in which event, I give, devise and bequeath to my son the entire corpus of the said trust fund.
5. Upon my son arriving at the age of thirty years, and should my wife be still living, I give, devise and bequeath to him, one-half of the principal of the aforementioned trust fund.
6. After my son arrives at the age of thirty years, I direct my trustees to pay to my wife, out of the income aforementioned, the sum of ONE HUNDRED ($100.00) DOLLARS, per week, provided she has not remarried, and SEVENTY-FIVE ($75.00) DOLLARS per week, during the remainder of her life, if she has remarried, but no further income shall be paid to my son.
*324 7. Upon my wife’s death, after my son becomes thirty years of age, I give, devise and bequeath to my said son all of the rest, residue and remainder of the corpus of the trust fund, aforementioned.
Seventh : If the income of the trust fund, aforementioned, is insufficient to make the payments to my wife and son, as aforementioned, then and in that event, I authorize my trustees to invade the principal of said trust fund, for the purpose of making up any difference.
Eighth : If, after making the payments aforementioned, there is any residue of income, then out of such residue only, I direct my trustees to pay to my sister, ella blbieb, the sum of not more than THIRTY ($30.00) DOLLARS per week, during her lifetime, or until such time as she remarries, or until such time as the entire corpus of the trust fund shall become payable to my son, whichever event happens first.
It is the position of the widow that the provisions of the will providing as they do for payment of specified portions of the income to her son and encroachment on the principal in his favor render the trust void for statutory inadequacy and so enable her to elect to take her intestate share of the estate. The contention of the widow is sustained inasmuch as the will not only fails to bequeath to her the full income of the trust (Matter of Greditor, 156 N. Y. S. 2d 360; Matter of Schwartzkopf, 205 Misc. 985) but imposes conditions dependent upon her remarriage (Matter of Byrnes, 260 N. Y. 465) and, in permitting invasion of trust principal for the benefit of another, is of the type which has been characterized as an illusory disposition (Matter of Wittner, 301 N. Y. 461). It is held that the widow has the right to elect to take the difference between the amount bequeathed to her in the form of legacies and her intestate share.
The statute conferring a right of election has been said to have been drafted in general terms with a deliberate design to vest in the courts an equitable authority in the apportionment of the elective share (Matter of Hurwitz, 176 Misc. 719, 720 and authorities there cited) and, accordingly, the efforts of the courts have been directed to the preservation of the testamentary scheme with due regard to the relative equities of the beneficiaries under the will. In this will, the eighth article provides that, during the period in which the widow would be entitled to income payments under1 the will, there be paid to a sister of the testator the sum of $30 weekly out of any income produced by the trust in excess of the amounts required to be paid to other beneficiaries. The sixth article of the will directs that upon the death of the widow the full income be paid to the testator’s son. In short, the right of the sister was contingent not only upon there being an excess of income but also upon the continuance of income payments to the widow. The widow’s interest in the trust having ceased by virtue of her validly *325 asserted right of election, the son is now entitled to the entire net income and the contingent interest of the sister is to be regarded as extinguished in the same manner as if the widow’s income interest had been terminated by her death (Matter of Devine, 147 Misc. 273, 278). It is the feeling of the court that this conclusion effectuates the testamentary plan to the fullest extent permissible by preserving the testator’s fundamental purpose to benefit his son.
The amount of the elective share is to be apportioned between the general legacy under the fourth article and the residuary trust created by the sixth article and the income of such diminished trust will be payable to the son until his arrival at the age prescribed by the testator for payment to him of the trust principal.
Submit decree on notice accordingly.