W. Newcomb Calyer, S.
This proceeding was instituted to determine whether the decedent’s widow, Minnie B. Lunney, had a right to exercise her election to take against the will, under the provisions of section 18 of the Decedent Estate Law.
Paragraph “ ninth ” of the will created a residuary trust, from which one half of the net income was to be paid to the widow during her lifetime, the other half of the income being given to the testator’s son, until he shall reach 50 years of age. The trustee was given the right, in its sole discretion, to expend any part of the principal for the benefit of the testator’s widow or his son. The will provides that “ any amount so expended shall be deducted from the whole of said trust fund, and not the share of the one for whose benefit said amount is expended ”.
All parties to this proceeding agree, and the court holds, that the provision authorizing an invasion of the trust principal for *457 the benefit of the son is potentially destructive of the trust corpus, making the trust for the widow illusory, and gives her a valid right to elect to take against the will. (Matter of Matthews, 279 N. Y. 732, affg. 255 App. Div. 80; Matter of Sheppard, 189 Misc. 367; Matter of Wittner, 301 N. Y. 461; Matter of Schnitser, 118 N. Y. S. 2d 779; Matter of Harris, 7 Misc 2d 716; Matter of Bleier, 20 Misc 2d 322.)
This makes it necessary to examine the rest of the will, and to determine the effect of the widow’s election upon the disposition of the decedent’s property under the terms of his will.
Legacies to two sisters of the testator, contained in paragraphs “ fifth ” and “ sixth ”, lapsed because the sisters predeceased the testator. The devise of a farm to the testator’s son, by paragraph “ eighth ”, failed because the testator sold the property during his lifetime.
This leaves for consideration the provisions made for the testator’s widow in paragraphs “third” and “fourth ”; a legacy to his daughter, Mary B. Stanton, in paragraph “ seventh ”; and the residuary trust provisions of paragraph “ NINTH
By paragraph “ third ”, the testator gave his widow all his household furniture and automobiles, and by paragraph “fourth”, he gave her the right to occupy their residence property as long as she may wish to do so, with the provision that, upon her death or surrender of the property, the executor is directed to sell the property, the proceeds of such sale to become a part of the residuary estate. The widow was also given one half of the income of the trust created by paragraph ‘ ‘ ninth ’ ’, during the term of her natural life.
It has been held that the exercise of a right of election puts the surviving spouse in the position of a distributee in intestacy (Matter of Wishart, 149 Misc. 343) and that by her election, the widow forfeits any benefits provided for her under the will which are not part of the rights accorded her by statute (Matter of Furno, 199 Misc. 273). Consequently, the petitioner herein has forfeited the legacy given her by paragraph “ third ”, except that she may be entitled to some of the items included therein, pursuant to the provisions of section 200 of the Surrogate’s Court Act (Matter of Sadowshi, 163 Misc. 331; Matter of Fagan, 84 N. Y. S. 2d 558). She has no right to occupy the residence property under the terms of paragraph “ fourth ” of the will (Matter of Furno, supra), and she loses the benefits given her under the trust provisions of paragraph “ ninth ”, the invalidity of which is advanced as the basis for her right to elect to take against the will.
*458 Subdivision 2 of section 18 of the Decedent Estate Law provides that ‘ ‘ Where any such election shall have been made, the will shall be valid as to the residue remaining after the elective share provided in this section has been deducted and the terms of the will shall as far as possible remain effective.” (See, also, Matter of Devine, 147 Misc. 273; Matter of Hurwitz, 176 Misc. 719; Matter of Atkinson, 91 N. Y. S. 2d 631.) It, therefore, becomes necessary to consider the effect of the election upon other parts of this will.
One of the questions presented is whether the general legacy given to the testator’s daughter by paragraph “ seventh ” of the will must abate to provide the elective share to which the widow is entitled. Where, as here, the testator has expressed no preference, all legacies must abate ratably to make up the deficiency caused by the election (Matter of Devine, supra; Mattar of Fagan, supra; Matter of Corigliano, 9 Misc 2d 847; Matter of Rago, 141 N. Y. S. 2d 40). The legacy contained in paragraph “ seventh ” of the will herein must, therefore, abate pro rata to the extent necessary to make up the balance of the elective share.
Finally, there must be an interpretation of the provisions of paragraph 11 ninth ’ ’ of the will which reads as follows: ‘ ‘ Ninth : All the rest, residue and remainder of my property, of whatsoever kind or nature, or wheresoever situate, whether real, personal or mixed, I give, devise and bequeath to my Trustee hereinafter named, in trust, however, for the following uses and purposes: To invest and re-invest the same and to collect the incomes and profits arising therefrom, and after the payment of all lawful expenses, to pay one-half of said income to my wife, Minnie B. Lunney, in quarterly payments, for and during the term of her natural life, and the other one-half thereof to my son, William B. Lunney, in quarterly payments, until he shall reach the age of fifty years. If, at any time, in the discretion of my Trustee, it shall be necessary to expend any part of the principal of said trust for the benefit of my said wife or my said son, it may do so, and any amount so expended shall be deducted from the whole of said trust fund, and not the share of the one for whose benefit said amount is expended. The necessity of any such expenditure shall be determined solely by my said Trustee. Upon the death of my said wife, Minnie B. Lunney, I direct my said Trustee to pay one-half of the principal of said trust to my said son, William B. Lunney, and to my said daughter, Mary B. Stanton, share and share alike, or if one of them be dead, to the survivor *459 of them. Upon my said son reaching the age of fifty years I direct my said Trustee to pay one-half of the principal of said trust to my said son, William B. Lunney, to be his absolutely. In the event that my said son shall die before reaching the age of fifty years, leaving lawful issue surviving him, I direct my said Trustee to pay one-half the principal of said trust to said issue, share and share alike. If he should die before reaching the age of fifty years leaving no lawful issue, I direct my said Trustee to pay one-half of the principal of said trust to my wife, Minnie B. Lunney, and my daughter, Mary B. Stanton, share and share alike, or if one of them be dead, to the survivor of them.”
It is urged, on behalf of the testator’s daughter, that the testator intended the trust to continue until the death of his wife or until his son reached the age of 50 years, and that, upon the happening of either event, there could be no further invasion of the whole principal, since there would then have to be a division of the trust. With this the court agrees. It is also urged that the testator intended that if the son attained the age of 50 years, prior to the death of his mother, he was to receive his half of the principal. This, too, follows the language of the will. But it is further argued that it was the intent of the testator that, if his wife died before his son reached 50 years of age, the whole trust should then be divided equally between the son and the daughter; that the trust for the son was to continue until he reached 50 years of age only if his mother was still living at that time; that there was no intent to continue any part of the trust beyond the death of the widow; and that equality of distribution between the testator’s children was intended. Beading the will as a whole, and more particularly the provisions of paragraph ‘ ‘ ninth ’ ’, the court cannot accept these latter arguments.
If the son received half of the principal upon reaching 50 years of age, before the death of the mother, then upon her death, the remaining half of the principal would have to go to the daughter, to carry out this theory. The will provides otherwise.
If the whole principal was to be divided equally between the son and the daughter, in the event of the death of the widow before the son became 50 years of age, there would be no need for the provisions of the will with reference to the son’s age, or the remainders created on his half of the trust.
The will in no way indicates an intention that the trust provisions for the son were to continue until he became 50 years *460 of age, only if his mother were then alive, or that equality of distribution between the testator’s children was intended. To so construe the testator’s language would require the court to completely disregard a substantial part of paragraph ‘ ‘ ninth ’ ’, and also to insert language in other parts thereof. This the court may not do, since it would thereby, in effect, be writing a new will for the testator.
The special guardian for the infant remaindermen argues that the whole trust should remain intact until the testator’s son becomes 50 years of age, because of the authority given to the trustee to invade the principal of the trust and to charge the same against the whole fund, rather than against the share of the one for whose benefit the invasion is made. Certainly, if the widow had died, the portion of the trust created for her benefit would be distributable, for the will so states. The exercise of the widow’s right of election has the same effect on the balance of the will as if she had died (Matter of Devine, supra). The argument advanced by the special guardian, if the son reached 50 years of age during the lifetime of the widow, would require that the trust fund be kept intact until her death. This was not the testator’s intent, as revealed by reading the whole will, nor was it his intent that the whole trust should remain intact to benefit the contingent remainder-men, if his son became entitled to part of the corpus set up for the benefit of the widow.
The court finds that the election by the widow has effectively terminated the first part of the trust, that the two parts of the trust should be separated, and that the remainders on the portion created for the benefit of the widow, should be accelerated (Matter of Devine, supra; Matter of Schwartzkopf, 205 Misc. 985; Matter of Rosensweig, 4 Misc 2d 142).
For the foregoing reasons, the court holds that:
1. The widow has a right to elect to take her intestate share.
2. The legacies under paragraphs “fifth” and “sixth”, and the devise under paragraph “ eighth ”, have lapsed.
3. The widow has forfeited her rights under the provisions of paragraphs “ third ”, “ fourth ”, and “ninth ”, except insofor as she may benefit under the provisions of section 200 of the Surrogate’s Court Act.
4. The residence property should now be sold, and the proceeds thereof be added to the residuary estate, pursuant to the provisions of paragraph ‘1 fourth ’ ’ of the will.
5. The legacy created by paragraph “ seventh ” must abate pro rata to the extent necessary to provide the elective share of the widow.
*461 6. One half of the residuary estate must now be divided equally between William R. Lunney and Mary B. Stanton.
7. The other one half of the residuary estate must continue in trust until William R. Lunney reaches 50 years of age, or sooner dies, and must then be distributed pursuant to the provisions of the testator’s will.
Submit decree on notice to all parties, construing the will accordingly.