Joseph A. Cox, S.
Question is presented in this accounting proceeding as to the validity and effect of the notice of election filed by the testator’s widow pursuant to section 18 of the Decedent Estate Law. The testator was survived by a widow and children. His will provides the widow a general legacy of $2,500 and, after making disposition of other property, bequeaths the residuary estate in trust, with directions to his trustee as follow:
“ (a) To hold, manage, invest and reinvest the same and to collect and receive the income therefrom, and to divide the said income in two equal.shares, and to pay one share of said income to my wife, concetta, for life and to pay one share thereof to my sister, mart hurray grant, for life.
‘ ‘ In the event that my wife shall not be married to me at the time of my death, or shall predecease my sister, Mary, I direct that all of said income shall be paid to my sister Mary for life.
‘1 In the event that my sister Mary shall predecease my wife, I direct that the sum of Two thousand ($2,000.00) dollars be paid to each of the children then living of my nieces and nephews, who are the children of Gertrude Hinckley, Elizabeth Luttrell, Louis B. Harriman and Herbert F. Harriman, and that the balance of the share of my sister be paid to the Trustee hereinafter named and included in the trust established in the fifth paragraph of my will and that the entire income be paid to my wife for life.
“ After the death of both my wife and my sister Mary, and after the payment as hereinbefore provided, to the children of my nieces and nephews, I direct my trustee to pay the balance remaining in trust, including accumulated earnings, if any, to *117 PRATT INSTITUTE OF BROOKLYN, NEW YORK, to establish & fund to be known as the ‘ murray-kelleher fund ’.”
The quoted provisions create a single trust of the residuary estate with the widow and the sister equally sharing the income and, were there no later limitation upon the widow’s income, the quoted language would present only a question as to whether the widow’s general legacy added to the principal amount of one half of the residuary estate would be the equivalent of her intestate share as such share is defined in section 18 of the Decedent Estate Law. However, because of a later will provision, that question as to the existence of a limited right of election is removed from the proceeding. This later provision constitutes the sixth article of the will and reads: 11 sixth : I authorize my Trustee in his sole and uncontrolled discretion to apply such portion of the principal as he shall consider necessary for the care, comfort and maintenance of my wife or my sister, Mary. ’ ’
The authority for invasion of the principal of the trust for the care, comfort and maintenance of either the wife or sister, with no limitation upon the extent of any invasion for the benefit of the sister, brings the issue herein squarely within the ruling of the Court of Appeals in Matter of Wittner (301 N. Y. 461). In the cited case it was held that authority to invade the principal of a trust created for the benefit of a surviving spouse rendered the disposition illusory insofar as the spouse was concerned and that a trust subject to such invasion could not be regarded as a substantially beneficial trust of the type necessary to comply with the requirements of section 18 of the Decedent Estate Law. In the Wittner case the will under consideration created a wholly separate trust for the benefit of the surviving spouse and both the trial court and the Appellate Division construed the authority for invasion as inapplicable to the trust for the spouse and as an authority intended only to pertain to a separate trust for a child but the Court of Appeals construed the will differently. (277 App. Div. 763.) In Matter of Liberman (4 A D 2d 512, affd. 5 N Y 2d 719) the courts again were considering a will which created several separate trusts, one of which was for the benefit of the surviving spouse, and the conclusion was reached that a power of invasion did not extend to the trust for the spouse’s benefit. The differences that existed in each of the two-cited cases between the trial courts and the reviewing courts arose from conflicting interpretations of the authority for invasion in that some Judges felt that this authority was not conferred by the will with respect to the trust for the spouse and was limited to the trusts for the persons other *118 than the spouse, while other Judges felt that the authority for invasion was generally applicable to all of the separate trusts created by the will. This area of distinction does not exist in the ease at bar for the simple reason that this will creates a single residuary trust and the authority for invasion is granted explicitly and unambiguously with respect to this single trust. No basis exists for construing this will as creative of two separate trusts and any such effort would be a distortion of the clear language of the testator. Accordingly, it is held that, insofar as the widow is concerned, the trust provision for her benefit is inoperative and she has a right to take her intestate share absolutely.
The necessary adjustments shall be made to provide the payment to the widow of her intestate share, taking into consideration her general legacy of $2,500, and a computation of the adjusted shares of other beneficiaries shall be filed. If dispute shall exist as to the necessary method of readjustment application may be made to the court in that connection (cf. Matter of Wittner, 200 Misc. 957).