Maximilian Moss, S.
The executors seek a determination as to the validity and effect of the notice of election served and filed by the surviving spouse to take against testator’s will. The will, dated August 1, 1960, was admitted to probate on January 24,1961.
By paragraph “third”, testator bequeathed 35% of his estate to his wife with the direction that she “ devote and contribute one-third ” thereof to certain charities. The will contains no other provision for testator’s wife. The remainder of the estate is to be divided among named legatees in specified percentages.
There were no children born of testator’s marriage, thus the intestate share of the surviving spouse is 50% of the net estate. The bequest provided for the surviving spouse under testator’s will does not meet the minimum requirements of the statutes (Decedent Estate Law, §§ 83, 18). The statutory provisions in favor of a surviving spouse are remedial and are to be literally construed (Matter of Peter, 20 Misc 2d 1082; Matter of Clark, 1 A D 2d 567).
The court holds that testator’s surviving spouse has a right to elect to take 50% of the net estate as in intestacy (Decedent Estate Law, § 18, subd. 1, par. [a], as amd.; Matter of Clark, 169 Misc. 202; Matter of Bommer, 159 Misc. 511; Matter of Perloff, 133 N. Y. S. 2d 199, affd. 285 App. Div. 1178). Such intestate share of one half of decedent’s estate shall be computed after deducting her statutory exemption, decedent’s debts, funeral and administration expenses, but before deduction of any estate taxes (Decedent Estate Law, § 18, subd. 1, par. [a], as amd., eff. April 19, 1955; Matter of Wolf, 307 N. Y. 280, 287; Matter of Taliento, 9 Misc 2d 167). The will contains no direction as to the apportionment of estate taxes, thus the *722 widow is entitled to have her share computed initially out of the net estate prior to deduction of State or Federal estate taxes (Matter of Wolf, supra). The estate taxes on the widow’s share however are thereafter to be equitably computed in accordance with section 124 of the Decedent Estate Law (Matter of Peters, 275 App. Div. 950; Matter of Campbell, 4 Misc 2d 331). The widow’s interest cuts across the entire estate, subjecting each testamentary gift to a pro tanto contribution to satisfy her statutory lien (Matter of Byrnes, 260 N. Y. 465; Platter of Taliento, supra).