John D. Bennett, S.
This is a proceeding to determine the validity and effect of a notice of election filed by the widow pursuant to section 18 of the Decedent Estate Law.
The executor, the petitioner in this proceeding, agrees with the widow that paragraph sixth of the will permits an invasion by the trustee of the widow’s share of the trust for another, and therefore fails to meet the minimum requirements of section 18.
Paragraph sixth of the will reads as follows: ‘ ‘ sixth : Anything herein contained to be contrary notwithstanding, my trustees may at any time, or from time to time, if in his, or in their judgment, accident, sickness or other emergency or circumstances, or in the event that monetary inflation shall cause a substantial decrease in the purchasing power of money, in his, or their absolute discretion transfer, deliver, assign and pay over to my wife and/or my son, so much of the principal of such share of my residuary estate so held in trust for my wife and *427 for my son, as my trustee or trustees shall deem necessary and proper. The judgment of my trustee or trustees shall be final and conclusive and my trustee or trustees shall not be liable or responsible to any person who may be, or who may become interested in my residuary estate for any payment which my said trustee or trustees may make pursuant to the terms hereof,”
If paragraph sixth permits an invasion for the testator’s son of that portion of the residuary estate directed to be held for the benefit of the widow, such power is potentially destructive of the widow’s interest, making it illusory and giving her a general right of election (Matter of Wittner, 301 N. Y. 461; Matter of Matthews, 279 N. Y. 732; Matter of Bleier, 20 Misc 2d 322).
The special guardian, however, citing Matter of Liberman (4 A D 2d 512, affd. 5 N Y 2d 719) urges that the power of invasion as expressed in paragraph sixth can be exercised only on behalf of the beneficiary for whom a share or portion of the residuary trust is held.
In Matter of Wittner (supra), the testatrix created two trusts, one for her husband and the other for a daughter, and made an outright bequest to a son, but provided that the trusts could be invaded for any of her children. The Court of Appeals concluded that since there was no trust for the son, the testatrix must have intended a possible invasion for his benefit out of the husband’s or daughter’s trust. The decision uses such language as the “ unmistakable ” and “ unambiguous ” intention declared by the testatrix.
There is no such clear-cut and unambiguous direction in this will since, under some of the contingencies provided for, the son could have been the income beneficiary of a portion of the residuary trust.
The question presented is whether under this will the share of the wife in trust is subject to invasion for the benefit of the son.
The language in paragraph sixth to pay the wife or son ‘ ‘ so much of the principal of such share of my residuary estate so held in trust for my wife and for my son ’ ’ is certainly not an indication that the invasion was to be indiscriminately exercised upon the residuary trust as a whole (cf. Matter of Murray, 27 Misc 2d 115 and Matter of Lunney, 21 Misc 2d 455), but is a strong manifestation that the testator contemplated segregated shares and invasions limited to the beneficiaries of those shares.
Certainly, in view of the very meticulous and great length to which the testator went to carve out of his estate under numerous contingencies a share for his wife, which was intended *428 obviously to bar an elective right, the “ [T] estator was chargeable with the knowledge that in the eye of the law an illusory trust is no adequate substitute for the petitioner’s right of dower or election, and he must therefore be presumed to have intended her trust to be free during her life from invasion for the benefit of the children ” (Matter of Liberman, supra, p. 515).
Accordingly, the court holds that the trust for the widow is not illusory, and she therefore has no general right of election. It is not possible to ascertain at this time the extent of any limited right of election the surviving spouse may have because of the unascertained value of the preresiduary bequests. Any determination of such limited right of election should await an accounting proceeding.