Christopher C. McGrath, S.
This Is an accounting proceeding in which objections have been raised to the account as follows:
1. An adult legatee by letter to the court has informally objected to the abatement of his legacy as well as the legacies of his infant sons to satisfy the payment made to the decedent’s surviving husband in satisfaction of his right of election under section 18 of the Decedent Estate Law.
2. The special guardian appointed by the court to represent eight infant legatees, while agreeing to abatement of the shares of her wards by reason of the husband’s right of election contends that they are entitled to share in:
(a) The net appreciation realized from sales of stock,
(b) The appreciation not yet realized from stock on hand at the end of the accounting period, and
(c) The income earned during a portion of the period of administration, all of which totals approximately $29,500.
The account discloses that the testatrix left an estate valued at $114,377.55 at her death. Her will distributed her estate as follows:
1. To 15 charitable organizations a sum aggregating $7,300.
2. To 11 grandnieces and grandnephews of decedent and of her husband a sum aggregating $5,500, 8 of the grandnieces and grandnephews being infants represented by the special guardian herein.
3. To 7 nieces and nephews of the decedent and of her husband a sum totaling $7,000.
4. The residue in equal shares to decedent’s three sisters.
The will made no provision for the decedent’s surviving spouse. He elected to take a share as intestacy under the provisions of section 18 of the Decedent Estate Law. In the probate proceeding a compromise agreement was entered into between the surviving spouse, all the charities, all the adult legatees, the executor under decedent’s will and a special guardian appointed by this court who represented the infant legatees, in which all parties agreed that the sum of $40,000 was to be paid to the surviving husband in full payment and satisfaction of his right of election under section 18 of the Decedent Estate Law. This agreement was duly approved by this court and an order was entered to that effect on July 28, 1961. As a result of the election by the surviving spouse and the payment to him of $40,000 in satisfaction thereof, the proposed distribution to the general legatees shows that their legacies will abate so that *20 they will receive about 60% of their original bequests under the will.
It is the contention of the executor in answer to the informal and formal objections that all legacies, both general and residuary, must abate to satisfy the surviving husband’s elective share; and that the general legatees are not entitled to a prorata share of the net income and appreciation of assets during the period of administration of the estate.
It is a well-established rule in New York that in the absence of a contrary intention expressed by the decedent, all gifts whether specific, general or residuary must abate proportionately in order to satisfy the election of the surviving spouse (Matter of Curley, 160 Misc. 844; Matter of Topazio, 175 Misc. 132; Matter of Taliento, 9 Misc 2d 167; Matter of Corigliano, 9 Misc 2d 847; Matter of Lunney, 21 Misc 2d 455; Matter of Glasenberg, 30 Misc 2d 721). Accordingly, the informal objection by the adult legatee to the abatement of his legacy as well as those of his children is overruled.
There remains ijor determination the objection raised by the special guardian because of the failure of the executor to allocate to the abated legacies of her wards a prorata share of the net income and appreciation of assets during the administration of the estate.
The general rule for the distribution of income earned during the administration of an estate of a testator is set forth in section 17-b of the Personal Property Law and reads in part as follows: “ Unless otherwise expressly provided by the will of a person dying after this act takes effect, all income from real and personal property earned during the period of administration of the estate of such testator and not payable to others or otherwise disposed of by the will shall be distributed pro rata as income among the beneficiaries of any trusts created out of the residuary estate of such testator and the other persons entitled to such residuary estate.”
Since the will in this estate contains no contrary direction, the executor takes the position that the customary rule as set forth in the above-quoted section of the Personal Property Law should be followed and that the income and appreciation of assets should be divided ratably among the residuary legatees to the exclusion of all other legatees in this estate.
This court does not agree with the above argument advanced on behalf of the residuary legatees. Subdivision 2 of section 18 of the Decedent Estate Law is said to have been drafted “ in general terms with a deliberate design to vest in the courts an equitable authority over the apportionment of the charge, caused *21 by the withdrawal by the surviving spouse ” (Matter of Byrnes, 149 Misc. 449, 451; Matter of Hurwitz, 176 Misc. 719, 720; Matter of Wittner, 200 Misc. 957; Matter of Greditor, 156 N. Y. S. 2d 360). As was said in Matter of Wittner (supra, p. 958), “ The source of payment must be determined on the basis of each particular will and in such manner as to preserve as nearly as possible the testamentary plan and the relative equities of the beneficiaries. (Matter of Hurwitz, supra; Matter of Devine, 147 Misc. 273, 277; Matter of Fisher, 159 Misc. 190, 192.) ”
This court believes that the testamentary plan of the decedent will be best preserved and effectuated by a prorata division of the income and appreciation of assets during the administration of the estate not only among the residuary legatees but among the general legatees, also. Thus, the relative equities of all the beneficiaries will be preserved and the decedent’s testamentary plan will suffer the least possible damage (Matter of Wittner, supra).