John D. Bennett, S.
This is a proceeding under section 145-a of the Surrogate’s Court Act to determine the validity and effect of an election filed by Jacob L. Friedman, the testatrix’ surviving spouse, pursuant to section 18 of the Decedent Estate Law.
The testatrix bequeathed one half of her residuary estate in trust for the benefit of her husband and daughter. She gave to each one half the income thereof, with a provision for inva *655 si on of the principal to the extent of $25 per week for each beneficiary should the income fall helow that amount.
In not granting to her husband the full income of the trust, and in permitting an invasion of the principal for the benefit of another, testatrix made a disposition which has been characterized as illusory (Matter of Bleier, 20 Misc 2d 322, 324, and cases there cited). It is, therefore, held that the surviving spouse has the right to elect to take his intestate share. Subdivision 2 of section 18 of the Decedent Estate Law provides that ‘ ‘ Where any such election shall have been made, the will shall he valid as to the residue remaining after the elective share provided in this section has been deducted and the terms of the will shall as far as possible remain effective.” The cases further hold that the exercise of the right of election by the surviving spouse has the same effect on the balance of the will as if such surviving spouse had died (Matter of Devine, 147 Misc. 273).
With these statutory and case law propositions as guides, the court determines that the testamentary scheme will best be preserved by holding that the entire income of the trust, or $50 per week, in the event the income is less than that figure, is payable to the testatrix’ daughter, Lucille F. Loeb, during her husband’s life and at his death she becomes vested with the entire principal, or if she should predecease her husband, then the entire trust fund is payable to her son, Richard Adam Loeb.
The attorney representing the residuary beneficiaries, Phyllis F„ Rosenfeld and Lucille F. Loeb, states in her affidavit that it is agreed with the executor that the legacies of the three infant grandchildren, Lawrence J. Rosenfeld, Sandra Rosenfeld and Richard Adam Loeb are not to be affected by the taking of the elective share, hut are to he paid in full. Accordingly, the court directs that the residuary estate shall be charged with the full payment of the elective share to the surviving spouse.
Settle decree on five days’ notice in accordance herewith, with three additional days if service is made by mail.