Joseph A. Cox, S.
The testator bequeathed his net estate in trust for the benefit of his widow and his son with directions that the son be paid $100 monthly out of the income and the balance of the income be paid to the widow. The parties to this proceeding have recognized that the widow has the right of election which she has exercised pursuant to section 18 of the Decedent Estate Law. This right exists because the will fails to provide the widow a gift of all the net income of a trust fund in the amount required by the statute. It seems that the direction for payment of specified monthly amounts to the son will not provide the widow with the entire net income to be derived from her intestate share of the estate but, whether or not this be the fact, the will provision is deficient because it cannot be ascertained from the will itself that the widow will receive an interest in the estate which will meet the statutory requirements. A determination depriving her of an elective right may not be based upon conjecture as to the income yield of the estate (Matter of Schmidt, 171 Misc. 95, affd. 257 App. Div. 827, affd. 282 N. Y. 787; Matter of Creditor, 156 N. Y. S. 2d 360; Matter of Bleier, 20 Misc 2d 322).
The will provides that upon the death of the widow during the son’s lifetime the trust remainder be paid in designated proportions to the son and the testator’s stepdaughter, that upon the remarriage of the widow during the son’s lifetime the trust remainder be paid in equal shares to the widow and the son and that, if the son shall predecease the widow, the trust remainder be paid to her. The intestate distributees of the testator were his wife and his son. The obvious purpose of the testamentary trust was to provide income payments to the widow during her lifetime so long as the son survived and she remained unmarried. Upon the son’s death, while the widow was living, the trust was to terminate. Upon her death or remarriage the trust was to terminate. Upon termination, the trust was to vest in the possession of either the widow, the widow and the son or *578 the son and the stepdaughter, depending upon the contingency which caused the termination. The testamentary purpose has been defeated by the election and it cannot be said that the wishes of the testator will be served by the continuation of a trust which had as its basic objective the payment of income to the widow. The widow’s election to take in lieu of the will provisions for her benefit fixes the time for termination of the trust as precisely as would her death or remarriage (Matter of Devine, 147 Misc. 273; Matter of Byrnes, 149 Misc. 449; Matter of Levy, 171 Misc. 431). The widow and the trust remaindermen, which persons include the intestate distributees, have agreed upon a distribution of the trust remainder. Their stipulation of settlement is approved.