Laurence D. Wood, S.
On May 29,1963, decedent executed his will, which through paragraph sixth reads as follows:
“I, JOHN L. HALEY, of the City of Syracuse, County of Onondaga and State of New York, do make, publish and declare this to be my last Will and Testament, hereby revoking all wills and codicils at any time heretofore made by me.
‘' first : I give and bequeath to my wife Harriet H. Haley, if she survives me, all household furniture and furnishings and other household goods and all automobiles owned by me at the time of my death.
*280 “ second : I give and bequeath to my son John L. Haley, Jr., if he survives me, all clothing, jewelry and personal effects owned by me at the time of my death.
“ third : I give and bequeath to my son John L. Haley, Jr., if he survives me, all stock and any other interest in John L. Haley, Incorporated (formerly named Hadco Corporation) owned by me at the time of my death.
“ fourth : If my wife Harriet H. Haley survives me, I direct my executors to set aside a portion of my estate equal in value to (a) one-half of the value of my adjusted gross estate as finally determined for Federal estate tax purposes, less (b) the value of all interests in property which pass or have passed to my wife, but only to the extent that such interests are for the purposes of the Federal estate tax included in determining my gross estate and allowed as a martial deduction.
‘ ‘ I give, devise and bequeath the said portion of my estate to my trustees, in trust, nevertheless, to hold, invest and reinvest the same, to collect the income therefrom and to pay to my said wife all of the net income therefrom during her life in quarterly installments and, in addition, to pay to my said wife, at any time and from time to time, such part or parts of the principal of this trust as my corporate trustee shall deem necessary for the comfortable maintenance, support and welfare of my said wife. Upon the death of my said wife, the then principal of this trust, if any, is to be paid out and distributed as my wife may appoint by her last Will and Testament (specifically referring to this power of appointment) outright or otherwise, in favor of her estate or any appointee or appointees. If said power of appointment is for any reason not validly exercised by my wife, in whole or in part, then upon her death such portion or all of the principal of the trust, or such interests or estates therein as shall not have been validly appointed by her shall be transferred, conveyed, paid over and distributed by my trustees to my daughter Shirley Haley Hollis if she is then surviving or, if she is not then surviving, to her then surviving descendants per stirpes, or, if none, to my then surviving descendants, per stirpes.
‘ ‘ Notwithstanding anything to the contrary contained in this Will, I direct (a) that in establishing this trust for my wife, there shall not be allocated to the trust any property or the proceeds of any property which would not qualify for the marital deduction allowable in determining the Federal estate tax on my estate, or any property or the proceeds of any property includible in my gross estate for Federal estate tax purposes and also subject by reason of my death to any inheritance tax, *281 transfer tax, estate tax or other death duty in any foreign country or state, province or other political subdivision thereof; (b) that the trustees of this trust shall not retain beyond a reasonable time any property which may at any time be or become unproductive nor shall they invest in unproductive property, and (c) that none of the powers granted to the trustees by this Will shall be exercised in such a manner as to disqualify this trust or any part thereof from the marital deduction allowable in determining the Federal estate tax on my estate.
“ fifth: If my wife Harriet H. Haley survives me, all the rest, residue and remainder of my property and estate, both real and personal, of whatsoever kind and wheresoever situated, of which I shall die seized or possessed or of which I shall be entitled to dispose at the time of my death, I give, devise and bequeath to my trustees hereinafter named, in trust, nevertheless, to hold, invest and reinvest the same, to collect the income therefrom and to accumulate the net income therefrom during her lifetime. My trustees shall pay to or apply to the benefit of my said wife, at any time and from time to time, such part or parts of such accumulated income as my corporate trustee, taking into account her income from all sources, shall in its sole judgment and discretion deem necessary or suitable for the comfortable maintenance, support and welfare of my said wife. The income accumulated under the provisions of this paragraph of my Will is to be exhausted before any payments are to be made from the principal of the trust created under paragraph “ fourth ” of this Will. In addition, my trustees are to pay to or apply to the benefit of my said wife, at any time and from time to time, such part or parts of the principal of this trust as my corporate trustee shall, in its sole judgment and discretion, deem necessary or suitable for the comfortable maintenance, support and welfare of my said wife, except that no part of the principal of the trust created under this paragraph ‘1 fifth ’ ’ of my Will shall be paid to or applied to the benefit of my said wife until the entire principal of the trust created under paragraph ‘ ‘ fourth ’ ’ of my Will shall have been exhausted. It is my intention that my said wife have available an annual income from all sources approximately equivalent in purchasing power to the annual sum of Six Thousand Dollars as of the time of execution of this Will and I wish my said corporate trustee to consider this expression of intention as a guide in determining what payments to make from the income and principal of the trusts to be created under this will, although the decisions of my said corporate trustee as to payments of income and principal shall be final. If in the opinion of my corporate trustee the invasion *282 hereinafter provided for is consistent with the anticipated needs of my said wife, I further authorize my trustees to pay to or apply for the benefit of any one or more of the following named persons, viz: my wife’s sister Mrs. Clarence Horton, my aunt Mrs. Maude Coles, my brother’s wife Mrs. P. W. Haley, Miss Clara Sanford, Miss Ñonie Sanford, my daughter Shirley Haley Hollis and my son John L. Haley, Jr., at any time and from time to time, such part or parts of the principal of this trust as my corporate trustee shall, in its sole judgment and discretion, deem desirable for their maintenance, support and welfare. Upon the death of my said wife, I direct my trustees to pay over and distribute the then principal of this trust together with any accumulated and accrued income to my son John L. Haley, Jr., if he is then surviving or, if he is not then surviving, to his then surviving descendants, per stirpes, or, if none, to my daughter Shirley Haley Hollis if she is then surviving, or, if she is not then surviving, to her then surviving descendants, per stirpes.
‘ ‘ sixth : If my wife Harriet H. Haley does not survive me, I give, devise and bequeath all the rest, residue and remainder of my property and estate, both real and personal, of whatsoever kind and wheresoever situated, of which I shall die seized or possessed or of which I shall be entitled to dispose at the time of my death, to my descendants surviving me, per stirpes. ’ ’
The remainder of the will has no bearing on the issues in this proceeding.
On June 8, 1966, decedent and his wife, Harriet H. Haley entered into a written separation agreement, in and by the terms of which each party waived and relinquished their rights, under law, to share in the estate of the other, to elect against the last will and testament of the other, but not to waive any voluntary testamentary provision which might be made in his or her favor by the other.
On June 29, 1966, decedent and his wife were divorced.
On August 22,1966, decedent died without having made a new will or codicil, and his will referred to above was thereafter admitted to probate. He was survived by his son, John L. Haley, Jr. and his daughter, Shirley Haley Hollis. At the time of decedent’s death, John L. Haley, Jr. had no children, and Shirley Haley Hollis had two children, John David Hollis and Mark Kevin Hollis, both infants. Mrs. Clarence Horton and Mrs. Maude Coles named in paragraph “fifth” of the will, also survived decedent.
On February 27,1967, on stipulation of the interested parties, based on section 40 of the Decedent Estate Law a decree was *283 entered by this court, holding that the provisions of the separation agreement of June 8, 1966 were inconsistent with the bequests to Harriet H. Haley under paragraphs one, four and five of the will, and that by entering into the separation agreement decedent duly revoked the bequests to and for the benefit of Harriet H. Haley under these provisions of the will.
In this proceeding for construction of decedent’s will, it is incumbent on the court to determine the proper and lawful distribution of his estate under his will, in light of the circumstances outlined above.
Counsel for John L. Haley, Jr. argue that the trust under paragraph fourth is conditional upon there being (a) a surviving spouse and (b) property which would qualify for the marital deduction, and that, since the trust under paragraph fourth was to be funded in an amount equal to one half testator’s adjusted gross estate less the value of “ all interests in property which pass or have passed” to testator’s wife, conceivably assets passing directly to the wife, for example, as joint tenants, might exceed one half testator’s adjusted gross estate, in which case nothing would be held in trust under paragraph fourth. Consequently counsel for John L. Haley, Jr. argue that the entire remainder of the estate of testator should pass into the trust established under, paragraph fifth, and that trust be administered according to the terms of paragraph fifth, without acceleration.
The guardian ad litem for infant contingent remaindermen argues that the separation agreement had the effect of partially revoking the will, that since testator died not married the court is presented with the same situation as was contemplated by paragraph sixth in order to give effect to testator’s intent and because failed gifts pass under the residuary clause.
The effect of the argument of counsel for John L. Haley, Jr. is the ultimate disinheritance of the daughter, Shirley Haley Hollis, except for a possible invasion of principal on her behalf by the corporate trustee as described in paragraph fifth, despite an indication in paragraphs fourth and fifth and a positive declaration in paragraph sixth that the testator desired to treat his issue equally. It is true enough that at least in one sense the trust bequests under both paragraphs fourth and fifth are conditional bequests: “ if my wife Harriet H. Haley survives me.” The fact that she was not testator’s lawful wife at the time of his death, however, should have no bearing on the question of whether she is a proper measuring life, especially since her identity is uncontradicted, nor should that fact of itself be sufficient grounds to permit the court the freedom to totally *284 ignore the alternative dispositive provisions of paragraph fourth and pass the entire residue to the beneficiaries named in paragraph fifth. The court’s obligation is to look at the four corners of testator’s will and, by considering the language used in the will, read as a whole in light of the circumstances which existed at the time of the execution of the will, to ascertain testator’s intention. (Matter of Carlin, 6 A D 2d 281, 285 [4th Dept.], affd. 6 NY 2d 914.) The will specifically states that if the individual Harriet H. Haley survives testator, the executors are to fund the article fourth trust in an amount equal (a) to one half of testator’s adjusted gross estate as finally determined for Federal estate tax purposes, less “ (b) the value of all interests in property which pass or have passed to my wife, but only to the extent that such interests are for the purposes of the Federal estate tax included in determining my gross estate and allowed as a marital deduction (emphasis supplied by the court.) Since no marital deduction would be allowable, even if Harriet H. Haley were to take under the will, the amount to be allocated to the trust under clause (a) will not be reduced in any way. The clause found in the first complete paragraph of page two of testator’s will which likewise restricts the funding of the paragraph fourth trust is inapplicable because it is modified by the phrase ‘' in establishing this trust for my wife ’ ’, it being an obvious fact that under the conditions described in the beginning portions of this opinion no trust is being established for testator’s wife.
This conclusion leads to a second question: can the principal of the trusts as funded under the provisions of paragraphs fourth and fifth be accelerated and immediately distributed, since the primary beneficiary has agreed that she is to take nothing under her ex-husband’s will? The answer to this question lies in an examination of testator’s intention as expressed in the will, as a general rule “ succeeding interests are accelerated except when (a) the terms and circumstances of the limitation manifest a contrary intent ”. (2 Restatement, Property, (1936) § 231.) (And, see, 2 Powell, Real Property, § 309, p. 635 [1967 ed.] .) As to the interest created in favor of the named daughter in paragraph fourth, it is quite clear that as an estate vested subject to complete defeasance (see EPTL 6-4.9 and Real Property Law, former § 40-b), the daughter’s interest is accelerable (2 Powell, Real Property, § 309, p. 641 and Matter of Levy, 171 Misc. 431; Matter of Giddings, 198 Misc. 536 and Matter of Devine, 147 Misc. 273) unless the language of the will indicates an intention that her interest remain defeasible until the death of the measuring life. It is apparent that testator’s purposes *285 in paragraph fourth were twofold: to create a fund which would not only provide the widow with a satisfactory income and with a corpus sufficient to qualify for the benefits of the marital deduction, with the unavoidable power of appointment therein entailed, but also, in the event and tó the extent that neither the power of invasion nor the power of appointment therein granted was exercised, to provide a remainder interest in favor of his named daughter, if then surviving, or to her then surviving descendants. Since the first purpose has been defeated, there seems to be no reason for continuing the corpus of paragraph fourth in trust, and, as a result this court holds that the trust created by paragraph fourth is accelerated and the corpus is payable to Shirley Haley Hollis, absolutely unrestricted by any of the limitations of the trust.
The trust created under the provisions of paragraph fifth in favor of the son, John L. Haley, Jr., does not present a question which is so easy of solution, however. This is so because in addition to an intention to provide a suitable income for the widow for her life, taking into account the income received by her from the income of the trust created in paragraph fourth and whatever other income the widow might have, and an intention to bequeath the principal of the trust created by paragraph fifth to the testator’s named son or to his then surviving descendants if he failed to survive the widow, upon the expiration of the life estate, testator also declared it to be his intention that during the continuance of the widow’s life estate the trustees were authorized to exercise a power of invasion from trust principal if the widow was sufficiently provided for in favor of certain named individuals, two of whom are testator’s son and daughter, in amounts to be determined by the corporate trustee in its sole discretion. From this last fact it can be argued that there can be no acceleration where there is an effectively created intervening interest between the renounced interest and the remainder interest. (See 2 Powell, Real Property, § 309 p. 638-639.) However, it is noteworthy-first, that the power of invasion for the benefit of these individuals was contingent on there being an excess of principal after the payments to the widow as specified in the will were made, and second that this power of invasion was exercisable by the trustees only so long as the widow continued to receive income and principal payments. (See the language in paragraph fifth on pages three and four of the will which states: “ If in the opinion of my corporate trustee the provision hereinafter [sic] provided for is consistent with the anticipated needs of my said wife”. Since the named life beneficiary’s *286 interest in the trust created by paragraph fifth has terminated and the son is now entitled to all of the income of the trust, it is more logical to consider the contingent interests of these individuals as extinguished just as they would have been extinguished at the life beneficiary’s death. Matter of Bleier, 20 Misc 2d 322, and Matter of Devine, 147 Misc. 273.) The corpus of the trust created by paragraph fifth is therefore accelerated and the corpus of said trust is payable to John L. Haley, Jr., absolutely, unrestricted by any of the limitations of the trust.